**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 96-6314

J. LEONEL MENDOZA,

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CR-92-162-C)

---

Submitted on the briefs:

Patrick M. Ryan, United States Attorney, M. Jay Farber and Joe Heaton, Assistant U.S. Attorneys, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Teresa Brown, Assistant Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

---

Before EBEL, HENRY, and MURPHY, Circuit Judges.

---

MURPHY, Circuit Judge.

---

The issue presented by this appeal is whether the district court, following the vacatur of a conviction for using a firearm during the course of a drug offense, see 18 U.S.C. § 924(c), in a 28 U.S.C. § 2255 proceeding, has jurisdiction to resentence the defendant on remaining related convictions. We hold the district court has such authority.[1]

Defendant pleaded guilty to conspiring to possess heroin and cocaine, with the intent to distribute, 21 U.S.C. § 846, and using or carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c). The district court imposed an eighty-seven month sentence on the conspiracy count and a consecutive sixty-month sentence for the firearm conviction. We affirmed those sentences on appeal. See United States v. Mendoza, No. 93-6034 (10th Cir. Dec. 8, 1993).

Defendant then filed a § 2255 motion, challenging the firearm conviction in light of Bailey v. United States, 116 S. Ct. 501 (1995).[2] The government conceded defendant's conviction was invalid under Bailey and the district court,

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

[2]     In Bailey, the Supreme Court held that the term "use" in § 924(c) requires proof of the defendant's active employment of a firearm, "'a use that makes the firearm an operative factor in relation to the predicate offense.'" United States v. Lang, 81 F.3d 955, 962 (10th Cir. 1996) (quoting Bailey, 116 S. Ct. at 505).

therefore, vacated the firearm conviction and sentence. However, the district court then resentenced defendant on the conspiracy conviction to one hundred eight months' imprisonment, after enhancing defendant's base offense calculation by two levels for possessing a weapon during that offense. See U.S.S.G. § 2D1.1(b)(1). At the time of resentencing, defendant had not yet fully served the sentence originally imposed on the conspiracy conviction. Defendant appeals the resentencing.[3]

We review de novo the district court's determination that it had jurisdiction to resentence defendant on the conspiracy conviction. See United States v. Moore, 83 F.3d 1231, 1233 (10th Cir. 1996). We affirm, and in doing so, we join seven other circuits which have also held that a district court has authority to resentence a defendant on unchallenged related convictions, after vacating a § 924(c) conviction in a § 2255 proceeding. See United States v. Morris, No. 96-3070, 1997 WL 314527, at *1 (D.C. Cir. June 13, 1997); United States v. Rodriguez, No. 96-30878, 1997 WL 265121, at *1 (5th Cir. May 20, 1997); United States v. Harrison, 113 F.3d 135, 137 (8th Cir. 1997); United States v. Davis, 112 F.3d 118, 119, 123 (3d Cir. 1997); United States v. Rodriguez, 112

---

[3]    We construe defendant's appeal to request a certificate of appealability, as required under the Antiterrorism and Effective Death Penalty Act of 1996, see 28 U.S.C. § 2253(c), and we grant the certificate. See United States v. Riddick, 104 F.3d 1239, 1240-41 (10th Cir. 1997).

F.3d 26, 27, 30-31 (1st Cir. 1997); <u>United States v. Hillary</u>, 106 F.3d 1170, 1170 (4th Cir. 1997); <u>United States v. Smith</u>, 103 F.3d 531, 533-35 (7th Cir. 1996), <u>cert. denied</u>, 1997 WL 221217 (U.S. May 27, 1997); <u>cf.</u> <u>United States v. Handa</u>, 110 F.3d 42, 43-44 (9th Cir. 1997) (holding that, although district court did not have authority to resentence defendant under § 2255, in light of government's concession that § 2255 proceedings are interchangeable with those addressing Fed. R. Crim. P. 35 motions and Ninth Circuit precedent precluding resentencing defendant on any conviction not raised in Rule 35 motion, district court could resentence defendant pursuant to appellate court's vacatur of his "entire" sentence and remand for resentencing).

Had the firearm conviction been vacated on direct appeal, the district court unquestionably would have had authority to resentence defendant on the remaining conspiracy conviction, and, in doing so, to apply U.S.S.G. § 2D1.1(b)(1)'s two-level enhancement of the base offense level for possessing a firearm during the underlying offense. <u>See</u> <u>Lang</u>, 81 F.3d 963-64. But defendant asserts that the district court does not have jurisdiction to do so within the context of a § 2255 proceeding. We disagree. <u>See</u> <u>Davis</u>, 112 F.3d at 122 n.4 (to limit resentencing under these circumstances to direct appeals "would create an unacceptable windfall for habeas petitioners").

A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. See United States v. Blackwell, 81 F.3d 945, 947-48, 949 (10th Cir. 1996) (applying 18 U.S.C. § 3582(c)). Section 2255 provides the necessary authority in this case.

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon [specified grounds, to] move the court which imposed the sentence to vacate, set aside or correct the sentence."[4] If the court determines that the defendant is entitled to relief under § 2255, then the statute requires that the court "vacate and set the judgment aside and . . . discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

In this case, once the district court determined that defendant was entitled to § 2255 relief from his § 924(c) conviction, that court was obligated to set aside the judgment, which encompassed both convictions and sentences. See I Rec., doc. 120. Following vacatur of that judgment, it was appropriate for the district court to resentence defendant on the conspiracy conviction, in light of the

---

[4] Section 2255's use of "sentence" in this context encompasses both the sentence under which a defendant is in custody at the time he initiates the § 2255 motion and any federal sentence that has been ordered to run consecutively to such a sentence. See United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994). This interpretation further supports reading the term "sentence" used throughout § 2255 more broadly than defendant's construction of the statute would permit. See Hillary, 106 F.3d at 1172.

interdependence of that sentence and the vacated § 924(c) sentence.  See, e.g.,
Morris, 1997 WL 314527, at *3; Davis, 112 F.3d at 120-23; Rodriguez, 112 F.3d
at 29-31; United States v. Binford, 108 F.3d 723, 728-29 (7th Cir.), cert. denied,
1997 WL 333484 (U.S. June 27, 1997).

Had defendant never been convicted under § 924(c), the district court
would have enhanced the sentence on the conspiracy conviction by increasing the
base offense calculation by two levels for possessing a dangerous weapon during
that offense.  See U.S.S.G. § 2D1.1(b)(1).  That enhancement, however, is not
available where a defendant is also convicted, under § 924(c), of using or carrying
a firearm in relation to a drug offense.  See id., § 2K2.4 comment (background);
see also Lang, 81 F.3d at 963.  Instead, the § 924(c) conviction requires the
district court to impose a mandatory minimum five-year sentence, to be served
consecutive to any other term of imprisonment.  See 18 U.S.C. § 924(c)(1).  In
this case, therefore, defendant's § 924(c) conviction precluded enhancing the
conspiracy sentence under U.S.S.G. § 2D1.1(b)(1).  The district court's
subsequent vacatur of the § 924(c) conviction, however, removed any impediment
to application of the § 2D1.1(b)(1) enhancement.  See Lang, 81 F.3d at 963.

"Clearly, the § 924(c) offense and the underlying offense are
interdependent and result in an aggregate sentence, not sentences which may be
treated discretely."  Davis, 112 F.3d at 121; see also United States v. Smith,

No. 96-3415, slip op. at 4 (10th Cir. June 27, 1996) (sentencing guideline provisions operate interdependently; sentence under these guidelines "constitutes a sentencing package which takes into account all counts upon which the defendant has been convicted"). In light of § 2255's language and the interdependence of defendant's conspiracy and firearm sentences, see Smith, No. 96-3415, slip op. at 3-4, the district court possessed authority under § 2255 to resentence defendant on the § 846 conspiracy conviction, after having vacated the § 924(c) conviction and sentence.

Defendant further argues that the district court's authority to resentence him under § 2255 was limited because he did not challenge either the conspiracy conviction or sentence in his § 2255 motion. The specific issues the defendant raises in a § 2255 motion, however, do not circumscribe the district court's authority when resentencing becomes necessary. See Moore, 83 F.3d at 1235. Rather, "where the district court . . . ordered the vacation [under § 2255], it has the discretion to determine the scope of the resentencing." Id.

Although defendant, in this appeal, does not assert any double jeopardy or due process challenge to his resentencing, he does argue generally that resentencing is contrary to the finality to be afforded sentences in the § 2255 context. Because he challenged one of several interdependent sentences in his § 2255 motion, however, defendant does not have a legitimate expectation of

finality in a related, but unchallenged, sentence.  See Davis, 112 F.3d at 122 n.4;

see also, e.g., Davis, 112 F.3d at 123-24 (addressing due process argument);

Binford, 108 F.3d at 729 (addressing double jeopardy argument).

On appeal, defendant does not challenge the district court's application of

U.S.S.G. § 2D1.1(b)(1) to the facts of this case.  We, therefore, AFFIRM the

district court's resentencing defendant on the conspiracy conviction, after

vacating the related § 924(c) firearm conviction.