**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

    v.

JOHN DAVID EASTERLING, a.k.a.
Donald Ray Doyle,

    Defendant-Appellant.

No. 97-6382

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CIV-97-614-R & D.C. No. CR-89-187-R)**

---

Paul Antonio Lacy, Assistant Federal Public Defender, Oklahoma City,
Oklahoma, for Defendant-Appellant.

Patrick M. Ryan, United States Attorney, and Leslie M. Maye, Assistant United
States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

**HENRY** , Circuit Judge.

---

    In 1989, John David Easterling pleaded guilty to (1) conspiring to distribute

methamphetamine in violation of 21 U.S.C. § 846 and (2) using or carrying a

firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). In 1997, upon Mr. Easterling's habeas corpus petition, the district court vacated his § 924(c)(1) conviction. The court then resentenced Mr. Easterling on the §846 count, enhancing his sentence by two levels for possession of a firearm during a controlled substance offense and reducing it by two levels for acceptance of responsibility. Mr. Easterling appeals, contending that the court lacked jurisdiction to resentence him because he had already finished serving his § 846 sentence. In the alternative, he argues that he was entitled to a three-level rather than a two-level sentence reduction for acceptance of responsibility. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm in part, vacate in part, and remand for further proceedings. [1]

## BACKGROUND

In August 1989, a grand jury returned a seven-count indictment charging Mr. Easterling with one count of conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846, three counts of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d), and three counts being a felon in possession

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Accordingly, we hereby grant the parties' request for a decision on the briefs and order the case submitted without oral argument.

of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Easterling subsequently pleaded guilty to the § 846 methamphetamine conspiracy count and also to a one-count information that charged him with violating 18 U.S.C. § 924(c)(1) by using or carrying a firearm in connection with a drug trafficking offense. In exchange for this plea, the government dismissed the remaining counts of the indictment.

The district court sentenced Mr. Easterling to ninety months imprisonment on the § 846 count and sixty months imprisonment on the § 924(c)(1) count, with the sentences to run consecutively. Mr. Easterling appealed his sentence, and we affirmed, although we did remand the case "to the district court for the ministerial task of attaching its determination regarding [certain] disputed matters to the presentence report." United States v. Easterling, 921 F.2d 1073, 1081 (10th Cir. 1990). The Supreme Court subsequently denied Mr. Easterling's certiorari petition. Easterling v. United States, 500 U.S. 937 (1991).

In April 1997, Mr. Easterling filed a 28 U.S.C. § 2555 petition for a writ of habeas corpus. He alleged that the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), mandated the reversal of his § 924(c)(1) conviction and the vacation of that sentence, and he also attacked the § 846 conviction on two grounds. The government conceded Mr. Easterling's Bailey claim, and the district court reversed Mr. Easterling's § 924(c)(1) conviction and vacated his

3

60-month sentence on that charge.  Mr. Easterling withdrew one of his other arguments, and the district court ruled against him on his remaining argument.

The district court ordered a resentencing hearing and indicated that it intended to consider enhancing Mr. Easterling's § 846 sentence by two levels based upon his possession of a firearm during the drug trafficking offense.  Mr. Easterling objected, arguing that because he had already fully discharged his § 846 sentence, an enhancement would violate both the Double Jeopardy and Due Process Clauses.  The district court, citing our decision in United States v. Mendoza, 118 F.3d 707 (10th Cir.) cert. denied, 118 S. Ct. 393 (1997), rejected Mr. Easterling's argument and proceeded to enhance his § 846 sentence by two levels pursuant to U.S.S.G. § 2D1.1(b)(1).

At his original sentencing in 1989, Mr. Easterling received a two-level sentence reduction for acceptance of responsibility; the two-level figure represented the maximum reduction allowable under the Sentencing Guidelines then in place.  See U.S.S.G. § 3E1.1 (superseded 1992).  At resentencing in 1997, Mr. Easterling's attorney, citing a 1992 amendment to the Guidelines, requested that his client receive a three-level sentence reduction for acceptance of responsibility.  The district court, however, refused this request.

The district court then resentenced Mr. Easterling on his § 846 conspiracy conviction, sentencing him to a 107-month term of imprisonment followed by a

4

three-year term of supervised release. Mr. Easterling filed a timely appeal of this sentence. Mr. Easterling was scheduled to be released from prison in July of 1998.

## DISCUSSION

**I.     Sentence Enhancement Pursuant to U.S.S.G. § 2D1.1(b)(1)**

As of the writing of this opinion, Mr. Easterling should have been released from prison and commenced serving his term of supervised release. In spite of this scheduled release from prison, Mr. Easterling asserts, and the government does not contest, that a favorable resolution of this appeal could reduce his term of supervised release.     Thus, he has standing to attack the district court's sentencing decisions,    see United States v. Chavez-Palacios    , 30 F.3d 1290, 1293 (10th Cir. 1994), and we may proceed to the merits of his appeal.

Mr. Easterling first contends that the district court's decision to resentence him "on his discharged § 846 methamphetamine conviction is error as a matter of law implicating due process and double jeopardy." Aplt's Br. at 7. We review this purely legal question de novo.    See United States v. Cox   , 83 F.3d 336, 338 (10th Cir. 1996).

In United States v. Mendoza    , 118 F.3d 707 (10th Cir.)    cert. denied  , 118 S. Ct. 393 (1997), the defendant was convicted of both conspiring to distribute

narcotics in violation of 21 U.S.C. § 846 and of violating 18 U.S.C. § 924(c)(1) by using or carrying a firearm in connection with that offense. After the Supreme Court issued its decision in Bailey, the defendant brought a 28 U.S.C. § 2255 habeas corpus petition challenging his § 924(c)(1) conviction. The district court granted the petition, vacating the defendant's § 924(c)(1) conviction and sentence. However, the court then resentenced the defendant on his accompanying § 846 conviction. Citing the fact that the defendant possessed a dangerous weapon during the offense, the court invoked U.S.S.G. § 2D1.1(b)(1) and enhanced his original sentence by two levels.

On appeal, Mr. Mendoza contended that because his habeas petition had only challenged his § 924(c)(1) conviction, the district court lacked jurisdiction to resentence him on the § 846 conviction. We rejected this argument. Recognizing that the § 924(c)(1) firearm conviction and the related narcotics conspiracy conviction were "interdependent and result[ed] in an aggregate sentence, not sentences which may be treated discretely," Mendoza, 118 F.3d at 710 (quotation omitted), we held that the district court had jurisdiction to resentence the defendant. And while Mr. Mendoza did not raise any double jeopardy or due process challenge, we noted that such arguments could not succeed under these circumstances, because a defendant who "challenged one of

6

several interdependent sentences . . . does not have a legitimate expectation of finality in a related, but unchallenged, sentence." Id.

Finally, we observed that it was the § 924(c)(1) conviction that had precluded the district court from applying U.S.S.G. § 2D1.1(b)(1) to the defendant's initial § 846 sentence. Id. However, the subsequent vacation of the § 924(c)(1) sentence "removed any impediment to application of the § 2D1.1(b)(1) enhancement." Id. Thus, we concluded that the district court's decision to apply U.S.S.G. § 2D1.1(b)(1) on resentencing was appropriate. Id.

Mendoza recognizes that although a § 924(c)(1) conviction is technically separate from the underlying drug conviction, without the drug conviction, there can be no § 924(c)(1) conviction. See 18 U.S.C. § 924(c)(1) ("Whoever, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, shall . . . be sentenced to imprisonment for five years."). Mendoza 's approach of treating narcotics and § 924(c)(1) convictions as interdependent for resentencing purposes has come to be known as "the sentencing package doctrine." See United States v. Hicks , 146 F.3d 1198, 1203 (10th Cir. 1998). Although this doctrine has recently been decried as a "judicially-created fiction" that gives courts license "to ignore our long and well-settled law of finality of judgment," see id. at 1203 (McKay, J., dissenting), it nevertheless remains the law of this Circuit, see id. at 1202-03.

7

The only potentially relevant difference between Mendoza and the present case is that Mr. Easterling, unlike Mr. Mendoza, had completed his term of imprisonment for his § 846 conspiracy conviction at the time the court resentenced him. Whether a court may resentence a defendant under these circumstances presents an issue of first impression in this Circuit. Mr. Easterling asks us to follow Warner v. United States, 926 F. Supp. 1387 (E.D. Ark. 1996), which confronted this very question. In that case, the district court concluded that resentencing would offend both the Due Process and Double Jeopardy Clauses and, moreover, that it lacked jurisdiction to resentence the defendant. Since Warner, at least four circuit courts have grappled with this same question. See United States v. McClain, 133 F.3d 1191 (9th Cir.), cert. denied, 118 S. Ct. 2386 (1998); United States v. Benbrook, 119 F.3d 338 (5th Cir. 1997); United States v. Smith, 115 F.3d 241 (4th Cir.), cert. denied, 118 S. Ct. 315 (1997); United States v. Smith, 103 F.3d 531 (7th Cir.), cert. denied, 117 S. Ct. 1861 (1997). Unlike the district court in Warner, though, these appellate courts have relied on the sentencing package theory and unanimously held that resentencing under such circumstances is permissible. See McClain, 133 F.3d at 1193-94; Benbrook, 119 F.3d at 340; Smith, 115 F.3d at 244-48; Smith, 103 F.3d at 535.

These more recent decisions are consonant with our Mendoza decision. In Mendoza, we treated the defendant's drug and firearms sentences as "an

8

aggregate sentence, not sentences which may be treated discretely." 118 F.3d at 710 (quotation omitted). Applying this same logic to Mr. Easterling's case, we conclude that the two sentences were, in essence, "one unified term of imprisonment." Smith , 103 F.3d at 535. Thus, Mr. Easterling could possess no legitimate expectation of finality in either sentence until he had fully discharged them both.

Mr. Easterling may not have his cake and eat it too. By petitioning for vacatur of one portion of his amalgamated sentence, Mr. Easterling attacked the entire sentence. We now join our sister circuits in holding that, on resentencing, a district court is entitled to revisit a petitioner's entire sentence, not just the challenged portion of that sentence. Accordingly, we affirm the district court's decision to enhance Mr. Easterling's § 846 sentence by two levels pursuant to U.S.S.G. § 2D1.1(b)(1).

## II    Sentence Reduction Pursuant to U.S.S.G. § 3E1.1

Mr. Easterling also contends that his acceptance of responsible entitles him to a three-level sentence reduction under U.S.S.G. § 3E1.1 rather than the two-level reduction that the district court awarded him at resentencing. "Whether the defendant has clearly demonstrated acceptance of responsibility is a factual question we review only for clear error." United States v. Ivy , 83 F.3d 1266, 1292 (10th Cir.), cert. denied , 117 S. Ct. 253 (1996). However, whether the

9

district court has applied the correct version of the Sentencing Guidelines is a legal question we review de novo.    See United States v. Elias  , 937 F.2d 1514, 1519 (10th Cir. 1991).

In 1989, the Sentencing Guidelines provided that "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." U.S.S.G. § 3E1.1(a) (repealed 1992).  In 1992, Congress amended this section of the Guidelines.   See U.S.S.G. App. C. amend. 459.  The new Guideline kept the two-level sentence reduction for defendants who "clearly demonstrate[d] acceptance of responsibility for [their] offense[s]." U.S.S.G. § 3E1.1(a). However, it made available an additional one-level sentence reduction for defendants who, like Mr. Easterling, faced sentencing for a crime that carried an offense level of 16 or greater, and who also:

> (1)    timely provid[ed] complete information to the government concerning his own involvement in the offense; or
>
> (2)    timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate it resources efficiently.

U.S.S.G. § 3E1.1(b)(1)-(2).

At resentencing in 1997, Mr. Easterling's attorney requested that his client receive "the benefit of any application guidelines which have gone into effect

10

since 1989; one of those would be three levels for acceptance of responsibility."

Rec. vol. II, at 13. The district judge asked Mr. Easterling's attorney to cite authority that would support his contention that the newer Guideline was applicable at resentencing. Mr. Easterling's attorney, though, failed to do so. When the judge asked the government to state its position on the issue, the government responded that "we don't feel that the defendant is subject to that. In addition, the third point is basically for him to timely give complete information to the government. . . . He did not cooperate. . . . That's the government's position in 1989 and it's still the position eight years later." Id. at 14. Following this colloquy, the judge ruled in favor of the government, stating that "[a]bsen[t] some authority to the contrary, I am satisfied that the two-point credit would be applicable on a sentencing such as this, as opposed to the newer guideline of three." Id.

Mr. Easterling argues that the transcript of the resentencing hearing demonstrates that the district erroneously applied the 1989 version of § 3E1.1, when it should have applied the 1997 version of that Guideline. The government, however, reads the transcript differently. Although it concedes that the district court should have applied the newer Guideline, the government argues that the sentencing transcript demonstrates that the court did, in fact, apply that Guideline. Thus, the government contends that the court understood

11

that it possessed the authority to reduce Mr. Easterling's sentence by three levels but that it ultimately opted for a mere two-level reduction because it concluded that the facts did not warrant awarding him an additional reduction point.

It is well-settled that when a district court vacates a sentence and resentences a defendant, the court "is governed by the guidelines in effect at the time of resentence, subject of course to the ex post facto clause." United States v. Torres, 99 F.3d 360, 362 (10th Cir. 1996) (quotation omitted), cert. denied, 117 S. Ct. 1273 (1997); accord United States v. Ziegler, 39 F.3d 1058, 1063-64 (10th Cir. 1994). At the resentencing hearing, however, the government, without citing any authority, took the opposite position. See Rec. vol. II, at 14. Although it now concedes that Mr. Easterling's resentencing was governed by the 1997 rather than the 1989 Sentencing Guidelines, the government now argues that the district court's decision rested on a secondary argument it presented at resentencing–that, based on the facts of Mr. Easterling's case, he was not entitled to the third sentence reduction point.

However, the mere fact that the government presented this argument does not mean that the judge found it persuasive. In ruling on this issue, the judge never referred to the facts of Mr. Easterling's case. Rather, he simply stated that "[a]bsen[t] some authority to the contrary, I'm satisfied the two-point credit would be applicable on a sentencing such as this, *as opposed to the newer*

*guideline of three* ." Id. (emphasis supplied). This statement strongly suggests that the judge's ruling was driven by his belief that he lacked the *legal* authority to apply the newer Guideline.

Moreover, we are not swayed by the government's attempt to redefine "authority." Authority, quite simply, means "[l]egal power," the "right . . . to act." Black's Law Dictionary 133 (6th ed. 1990). The government has not cited any source, nor have we discovered any, that supports its contention that "authority" means "facts."

When the parties came to the resentencing hearing, neither came prepared to address the question of which version of the Sentencing Guidelines applied to Mr. Easterling's resentencing. Lacking any assistance from the parties, the district court apparently concluded that it did not possess the legal authority to reduce Mr. Easterling's sentence by three levels. But because the court did, in fact, possess such authority, see Torres , 99 F.3d at 362; Ziegler , 39 F.3d at 1063-64, we must vacate its decision to reduce Mr. Easterling's sentence by only two levels.

Under U.S.S.G. § 3E1.1(b), though, Mr. Easterling may only earn the third sentence reduction point if he is able to demonstrate either that he timely (1) provided complete information to the government concerning his offense or (2) notified authorities of his intention to plea guilty. See U.S.S.G. § 3E1.1. The

record of the resentencing hearing reveals that the district court never explored these matters. Accordingly, we remand this case so that the district court may conduct further proceedings to determine whether Mr. Easterling is entitled to a third sentence reduction point under U.S.S.G. § 3E1.1(b).

## CONCLUSION

We hereby AFFIRM the district court's decision to enhance Mr. Easterling's § 846 sentence by two levels pursuant to U.S.S.G. § 2D1.1(b)(1), VACATE the court's decision to reduce his sentence by only two levels under U.S.S.G. § 3E1.1, and REMAND so that the court may conduct further proceedings to determine whether he is entitled to a third sentence reduction point under U.S.S.G. § 3E1.1(b).