**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEE W. ROBERTS, also known as
Kurlee Roberts, also known as
Dr. Lee,

        Defendant - Appellant.

No. 98-8037

D. Wyoming

(D.C. No. 97-CV-96)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G).  This cause is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lee W. Roberts ("Petitioner") seeks a certificate of appealability to appeal the district court's resentencing order, issued after the district court partially granted Petitioner's 28 U.S.C.§ 2255 motion to vacate, set aside, or correct his sentence. We issue a certificate of appealability as to a portion of Petitioner's appeal, vacate Petitioner's sentence, and remand for resentencing.

**BACKGROUND**

Petitioner is a federal prisoner appearing pro se. In the late 1980s, Petitioner chose to make a living by ferrying drugs from Las Vegas, Nevada, to the Casper, Wyoming, area. Testimony at his Wyoming criminal trial established that Petitioner would make frequent purchases of methamphetamine in Las Vegas and transport the substance to Wyoming, where he would sell it to various customers, who would, in turn, sell it to users. In 1990, he was arrested in Mesquite, Nevada, and charged with possession of a controlled substance in violation of Nevada law. In May 1991, Petitioner pled guilty to one count of felony possession, and was sentenced to a term of two years' imprisonment in Nevada state correctional facilities. While he was serving this sentence, police executed search warrants on both his Las Vegas and Casper residences, and in January 1992, a nine-count indictment was filed against Petitioner and several codefendants in federal district court in Wyoming. Petitioner was eventually

convicted of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); possession and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession of methamphetamine with intent to distribute and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. The district court found that Petitioner had possessed and sold 60 pounds of methamphetamine, resulting in a base offense level of 36 under the then-applicable sentencing guidelines. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (1990). The district court added four points to his base offense level because it found he was an organizer or leader. With a base offense level of 40 and a criminal history category of II, Petitioner fell within a range of 324-405 months' imprisonment. The district court sentenced Petitioner to 330 months imprisonment on the conspiracy and possession counts, and to a consecutive 60-month term on the firearms charge; these sentences were to be followed by a 10-year period of supervised release.

Petitioner appealed his convictions and sentences. He claimed that the district court's findings that he had transported and sold 60 pounds of methamphetamine and that he had been an organizer or leader were clearly erroneous. On appeal, we agreed with Petitioner that the district court's factual findings could not support the sentences, and we reversed his sentences and

-3-

remanded the case to the district court to "make the requisite factual findings." United States v. Roberts, 14 F.3d 502, 521 (10th Cir. 1993). On remand, the district court made more detailed factual findings, and concluded that "the total quantity of methamphetamine chargeable to the conduct of [Petitioner] during the period encompassed by the conspiracy is 199.0 ounces" and not 60 pounds, R. Vol. 1, Tab 513, App. B at 1, but that Petitioner had indeed been a leader and organizer of the conspiracy, id. at 3-5. The district court concluded that Petitioner's base offense level should have been 34, not 36, and, with the four-point enhancement, 38, not 40. With a criminal history category of II, this placed Petitioner in the 262-327 month range. The district court imposed a sentence of 262 months on the conspiracy and possession counts, and left the other portions of Petitioner's original sentence intact. We affirmed these conclusions on appeal after remand. United States v. Roberts, 43 F.3d 1484, 1994 WL 693241 (10th Cir. Dec. 2, 1994).

In April 1997, Petitioner filed his § 2255 motion. The motion contained, in essence, three allegations. First, Petitioner asserted that his conviction on the firearm charge, for which he received an additional 60-month sentence, should be set aside in light of a new Supreme Court case, Bailey v. United States, 516 U.S. 137 (1995), which held that the government must prove that the firearm was "active[ly] employ[ed]" during the drug transaction, and that mere possession of

the firearm was insufficient to support a conviction. Id. at 148. Second, Petitioner claimed that his trial counsel had been ineffective in that he had failed to require the government to prove, at sentencing, that the methamphetamine he had transported was "d-meth" rather than the less potent "l-meth"; sentences are much stiffer, under the Sentencing Guidelines, for d-meth than for l-meth. Third, Petitioner alleged that the government had failed to comply with 21 U.S.C. § 851, which requires the government to file an "information" with the sentencing court for each prior conviction used in increasing a defendant's sentence, and requires the court to ask the defendant about the previous offenses. Petitioner alleged that the prosecutors and the court never fully complied with § 851. Petitioner later amended his petition to include a fourth claim, essentially asserting that he should have been given credit for time served in Nevada, where he had been convicted of what amounted to a related offense.

The district court ordered the government to respond to Petitioner's motion. In its response, the government conceded that Bailey dictates that Petitioner's § 924 conviction be set aside, but argued that Bailey did not preclude an enhanced sentence on the conspiracy charge, under § 2D1.1(b)(1) of the Sentencing Guidelines, for possession of a firearm. In addition, the government conceded that § 851 had not been complied with, but that Petitioner was only prejudiced by this failure with respect to the period of supervised release. Also, the government

-5-

conceded that the performance of Petitioner's counsel was deficient, but argued that Petitioner had not been prejudiced because, had his counsel raised the d-meth issue, the government could have easily proven that Petitioner's drugs were d-meth. Finally, the government argued that Petitioner's credit-for-time-served argument must fail due to collateral estoppel.

In March 1998, the district court partially granted Petitioner's § 2255 motion, setting aside the firearms conviction in light of Bailey, and reducing Petitioner's supervised release period to five years in light of the failure to comply with § 851. However, the district court found that Petitioner's drugs were indeed d-meth, and denied Petitioner's ineffective assistance of counsel claim. Furthermore, the district court agreed to allow the government, at resentencing, to argue for an enhancement of the conspiracy sentence, even in light of Bailey, because Petitioner had possessed a gun during one drug transaction. Finally, as to Petitioner's final claim, the district court agreed to treat the Nevada conviction as "relevant conduct," and thus did not assign criminal history points for the Nevada conviction for sentencing purposes, dropping Petitioner from criminal history category II to category I. R. Vol. 2, at 61-62.

At the resentencing hearing, Petitioner presented the district court with a new argument–that he was entitled to a downward departure based on his post-conviction rehabilitative efforts. The district court rejected this new argument,

and also held that a two-level enhancement on the base offense level of the conspiracy and possession charges was appropriate, even though Petitioner could not be convicted under the firearm statute in light of Bailey. The district court determined that Petitioner was now in criminal history category I, and had a base offense level of 40, with the two-level firearm enhancement, placing Petitioner in the 292-365 month range. The district court sentenced Petitioner to 305 months imprisonment, with 12 months counted as already served as a result of his Nevada imprisonment on the related offense.

Thus, although Petitioner succeeded in having his firearm conviction set aside, he was also sentenced to a stiffer term on the conspiracy and possession counts by virtue of the same acts that were insufficient to support his firearm conviction. When the dust had settled, Petitioner was sentenced to 29 fewer months in prison, and five fewer years on supervised release.

Petitioner now appeals from the resentencing order of the district court, arguing that he should not have been given the two-point enhancement for possession of the firearm, and that he should have been granted a downward departure based on his post-conviction rehabilitative activities. Petitioner does not appeal any other decisions of the district court.

**DISCUSSION**

**I.    The Two-Level Gun Enhancement**

We review the sentencing court's application of the Sentencing Guidelines de novo, but we review the factual findings underlying the application of the Guidelines for clear error.    See United States v. Tagore  , 158 F.3d 1124, 1127 (10th Cir. 1998);   United States v. Underwood   , 982 F.2d 426, 428 (10th Cir. 1992).  Our first inquiry must be whether this case presented a proper situation for a two-point enhancement.

The Sentencing Guidelines clearly grant authority for such enhancements. Section 2D1.1(b)(1) states that "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense," the base offense level is to be increased by two levels.  Furthermore, we have squarely held that a district court is within its power when, after vacating firearm convictions under § 924 in light of Bailey , it resentences a defendant on related charges, such as conspiracy charges, and imposes a two-level enhancement for possession of a firearm pursuant to § 2D1.1(b)(1)   .  United States v. Mendoza   , 118 F.3d 707, 709-10 (10th Cir.),  cert. denied , 118 S. Ct. 393 (1997);    see also  United States v. Hicks   , 146 F.3d 1198, 1200-1203 (10th Cir.),    cert. denied  , 119 S. Ct. 361 (1998).

Next, we must examine the district court's factual findings for clear error. On the record before us, we find none.  We have already considered, on

-8-

Petitioner's direct appeal, whether the facts supported a finding that Petitioner had possessed a firearm during a drug transaction.    Roberts , 14 F.3d at 517-18. Among the ample evidence present in the trial record was a statement from Petitioner himself that "he always carried a gun when conducting drug business because it's 'a dangerous business'"; a statement from the law enforcement official who searched Petitioner's residence and found two weapons; and a statement from one of Petitioner's customers that "she saw a 'pistol type gun' lying on the counter" when she entered Petitioner's motor home to consummate a drug transaction.    Id. at 518.  The evidence that Petitioner possessed firearms while conducting drug business was compelling enough for the jury to find him guilty under the pre-  Bailey  § 924 standards, and we think that the same evidence is, in this case, sufficient to support a two-level enhancement in Petitioner's base offense level on his conspiracy charge under § 2D1.1(b)(1).  The district court's decision to impose a two-level enhancement was entirely proper.

## II.    Post-Conviction Rehabilitation

Petitioner also argues that the district court erred when it stated that it had no authority to consider his request for a downward departure based on his post-conviction rehabilitative efforts.  We think Petitioner's contention has merit.

Our first inquiry must be whether we have jurisdiction to review the district court's refusal to grant Petitioner a downward departure in this case. We have no jurisdiction to undertake a review of a district court's decision not to depart downward, "except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." United States v. Castillo , 140 F.3d 874, 887 (10th Cir. 1998).

The district court, in rejecting Petitioner's argument that he was entitled to a downward departure for post-conviction rehabilitative efforts, clearly stated that it did not have the authority to depart downward in such circumstances. In arguing for such a departure, Petitioner's counsel cited several cases from other circuits which have held that post-conviction rehabilitation could be a permissible basis for a downward departure. R. Vol. 2, at 62-63. The court asked if counsel was aware of any authority within this circuit, and counsel for the government answered that he was unaware of any such authority. Id. at 65. The court then stated that "there's no authority for granting a downward departure in this circuit for . . . rehabilitation . . . that take[s] place behind the [prison] walls," and that it "will deny the request for a departure based on the opinion of courts outside of this circuit." Id. at 66, 67. Clearly, the district court felt that it lacked authority to grant a downward departure for post-conviction rehabilitation.

-10-

If the district court had intimated, even after stating that it had no authority, that if it did have authority it still would not have departed downward, then remand would be futile and would serve no purpose. See United States v. Lowe, 106 F.3d 1498, 1502 n.8 (10th Cir.) (stating that an appellate court will remand a case "only when [it] believes the district court would not have reached the same sentence in the absence of the error" (citations omitted)), cert. denied, 117 S. Ct. 2494 (1997); see also United States v. Pearce, 146 F.3d 771, 775 (10th Cir. 1998) (refusing to remand a similar case for resentencing where the district court stated that resentencing was neither "required nor appropriate"). However, in this case, the district court did not articulate any such disinclination to refuse a downward departure on the merits, leaving us with no record upon which to base an analysis except for the expressed perceived lack of authority to consider departure.

Procedural bar is also a threshold issue in § 2255 proceedings. Under ordinary circumstances, a prisoner cannot mount a collateral attack on his sentence. This is because most objections to a prisoner's sentence can be brought on direct appeal, and "[a] defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion," unless he can meet the cause and prejudice standard, or can show that a manifest injustice will otherwise result. United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). However, we have created an exception to this rule in cases involving a § 2255 petitioner's claim

that his § 924 conviction should be vacated in light of Bailey. Mendoza, 118 F.3d at 709-10. So, the Bailey claim leading to the Petitioner's resentencing is not barred.

Next, the scope of the resentencing proceeding here deserves some comment. Counsel for the government, at the resentencing hearing, appeared to argue that it would be improper for a district court to allow a § 2255 petitioner, on resentencing, to argue for a downward departure. See R. Vol. 2, at 65 (statement of counsel that "it would be odd" to allow a § 2255 petitioner to "come back in under an issue like Bailey and then seek a downward departure" and urging the court to disallow such an argument). We discuss the argument here to prevent it from becoming an issue on remand. When a petitioner's § 924 conviction and sentence have been vacated after a successful § 2255 petition, we have allowed both parties, the petitioner and the government, to argue for a reduced or enhanced sentence on related and "interdependent" drug convictions. United States v. Easterling, 157 F.3d 1220, 1222-25 (10th Cir. 1998) (allowing the government to make the gun enhancement argument, but also allowing the petitioner to make an unrelated argument for a reduced sentence based on acceptance of responsibility); see also United States v. Core, 125 F.3d 74, 76-79 (2d Cir. 1997) (allowing a § 2255 petitioner with a successful Bailey claim to argue, at his resentencing after his § 924 conviction was vacated, for a downward

departure based on post-conviction rehabilitation), <u>cert. denied</u>, <u>Reyes v. United States</u>, 118 S. Ct. 735 (1998). This is because, when a petitioner's § 924 conviction and sentence are vacated after a successful <u>Bailey</u> claim, courts will treat all "interdependent" drug convictions as part of the same vacated "sentencing package." <u>Easterling</u>, 157 F.3d at 1223 (citing <u>Hicks</u>, 146 F.3d at 1203). We have stated that when a district court vacates a § 2255 petitioner's sentence, that petitioner stands "in the position of a defendant who had pleaded guilty to a charge against him, had originally briefed the sentencing issues, and was awaiting sentence." <u>United States v. Moore</u>, 83 F.3d 1231, 1235 (10th Cir. 1996).

The district court, however, has discretion to "determine the appropriate scope of the resentencing proceedings." <u>Moore</u>, 83 F.3d at 1235. Accordingly, after vacating a § 924 conviction, a district court may limit the scope of the sentencing proceedings to certain issues, but it "is entitled to revisit a petitioner's entire sentence, not just the challenged portion." <u>Easterling</u>, 157 F.3d at 1224. Thus, it was proper for the district court to consider Petitioner's resentencing claim.

Finally, as to the merits of the central issue before us on appeal, we must determine whether the district court erred when it stated that it had no authority to depart downward based on post-conviction rehabilitation. At the time of the

sentencing hearing, the district court was correct in stating that there was no authority within this circuit for such departures.  Since the sentencing hearing, however, we have held that post-offense rehabilitative efforts "may provide a basis for departure."    United States v. Whitaker   , 152 F.3d 1238, 1240 (10th Cir. 1998). [1]  We grounded this holding in     Koon v. United States   , 518 U.S. 81 (1996), which held that "only those factors on which the [Sentencing] Commission has forbidden reliance," such as drug or alcohol dependence, race, sex, national origin, religion, etc., "never may provide an appropriate basis for departure." Whitaker , 152 F.3d at 1240 (citing    United States v. Brock   , 108 F.3d 31, 34 (4th Cir. 1997) (citing    Koon, 518 U.S. at 93)).  Thus, because the Sentencing Guidelines nowhere forbid courts to depart downward on the basis of post-

_____

[1]Every other circuit to consider the issue has held that post-offense, post-conviction, or post-sentencing rehabilitation may be a proper basis for a downward departure.  United States v. Green, 152 F.3d 1202, 1206-08 (9th Cir. 1998) (post-sentencing rehabilitation); United States v. Rhodes, 145 F.3d 1375, 1378-82 (D.C. Cir. 1998) (post-conviction rehabilitation); United States v. Kapitzke, 130 F.3d 820, 823-24 (8th Cir. 1997) (post-offense rehabilitation); United States v. Core, 125 F.3d 74, 76-79 (2d Cir. 1997) (post-conviction rehabilitation), cert. denied, Reyes v. United States, 118 S. Ct. 735 (1998); United States v. Sally, 116 F.3d 76, 79-82 (3d Cir. 1997) (post-conviction rehabilitation); United States v. Brock, 108 F.3d 31, 33-35 (4th Cir. 1997) (post-offense rehabilitation).  We see "no reason to distinguish between post-offense and post-conviction rehabilitation efforts in this context–post-conviction rehabilitation efforts are, by definition, post-offense rehabilitation efforts and hence should be subject to at least equivalent treatment under the Guidelines." Sally, 116 F.3d at 80.

conviction rehabilitation, the district court incorrectly concluded that it had no authority to depart downward on that basis.

Factors not forbidden by the Commission fall into one of several categories: such factors are either (1) encouraged by the Commission as a basis for departure; (2) discouraged by the Commission as a basis for departure; or (3) not mentioned at all by the Commission. Koon, 518 U.S. at 95. In the 1990 Sentencing Guidelines Manual, which is applicable to this case, see R. Vol. 3, at 3,[2] post-offense or post-conviction rehabilitation is nowhere mentioned.[3] Thus, this factor falls into Koon's final category–unmentioned factors. Koon instructs sentencing courts to depart on the basis of such factors only where "the structure

_____

[2]Petitioner does not challenge the district court's determination to use the 1990 Guidelines Manual.

[3]Other circuit courts which have examined this issue have concluded that post-conviction rehabilitation falls into the first category–an encouraged factor already taken into account by the Guidelines. See, e.g., United States v. Rhodes, 145 F.3d 1375, 1383 (D.C. Cir. 1998); United States v. Sally, 116 F.3d 76, 80 (3d Cir. 1997). In current Sentencing Guideline Manuals, Guideline § 3E1.1, dealing with acceptance of responsibility, expressly lists "post-offense rehabilitative efforts" as an "appropriate consideration" in making acceptance of responsibility determinations, see U.S. Sentencing Guidelines Manual § 3E1.1, application note 1(g) (1998), and therefore other circuit courts have held that, in order for a court to depart downward based on post-conviction or post-offense rehabilitative conduct, "that factor must be present 'to such an exceptional degree that the situation cannot be considered typical of those circumstances in which the acceptance of responsibility adjustment is granted.'" Rhodes, 145 F.3d at 1383 (quoting Sally, 116 F.3d at 80); see also Core, 125 F.3d at 78 (stating that "[a]cceptance of responsibility is easily achieved and is accordingly of relatively low value" and that "[d]efendants who accomplish a successful rehabilitation go far beyond what is required to qualify for the deduction under § 3E1.1").

-15-

and theory of both relevant individual guidelines and the Guidelines taken as a whole" persuade the court "to take the case out of the Guideline's heartland." Koon, 518 U.S. at 96. Departures based on unmentioned factors "will be 'highly infrequent.'" Id. (citations omitted).

In concluding that Koon and Whitaker authorize downward departures on the basis of post-conviction rehabilitation, we do not mean to intimate that Petitioner deserves such a departure. The decision to grant a departure rests in the sound discretion of the district court. If, on remand, the district court refuses to grant the departure, we will be without jurisdiction to review that refusal. Castillo, 140 F.3d at 887.


**CONCLUSION**

Therefore, we conclude that the district court properly imposed a two-level enhancement on the conspiracy and possession sentences, and, as to that portion of Petitioner's appeal, DENY a certificate of appealability. However, we also conclude that the district court incorrectly assumed that it had no authority to grant a downward departure for post-conviction rehabilitation, and, as to that portion of Petitioner's appeal, we therefore GRANT a certificate of appealability, VACATE Petitioner's sentence, and REMAND that the case to the district court for resentencing.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge