**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 28 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY SHAUN JOHNSON,

Defendant - Appellant.

No. 99-6222

(W.D. Oklahoma)

(D.C. No. CV-97-683-C)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Timothy Shaun Johnson seeks a certificate of appealability to appeal the district court's partial denial of his 28 U.S.C. § 2255 motion. A jury convicted

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Johnson of one count of conspiracy to distribute cocaine powder and/or cocaine base in violation of 21 U.S.C. §§ 841(a), 846; twelve counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1); three counts of aiding and abetting interstate travel in aid of racketeering in violation of 18 U.S.C. §§ 2, 1952(a)(3); and one count of knowingly using or carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Johnson was sentenced to 410 months on the conspiracy and drug related counts and a consecutive 60 months for the section 924(c) violation. We affirmed his convictions and sentence. See United States v. Johnson, No. 94-6425, 1995 WL 678514 (10th Cir. Nov. 15, 1995).

On April 24, 1997, Johnson filed a motion pursuant to 28 U.S.C. § 2255 attacking both his conviction and sentence on four grounds: (1) the conviction and sentence on Count 19 (using or carrying a firearm) were invalid in light of Bailey v. United States, 516 U.S. 137 (1995), (2) the relevant conduct attributed to Johnson for sentencing purposes was not reasonably foreseeable, (3) the district court erred in relying on the testimony of drug addicts to establish the amount of drugs attributable to Johnson for sentencing purposes, and (4) Johnson was denied effective assistance of trial counsel because counsel failed to call alibi witnesses, to request a unanimous verdict, or to request a jury instruction on drug addict testimony.

In an amended order, the district court granted Johnson's motion with respect to Count 19, and vacated the firearm conviction and related sentence; held that claims 2 and 3 were procedurally barred because Johnson did not raise them on direct appeal; and, as to claim 4, held that trial counsel's performance was not deficient and did not prejudice Johnson. The court declined to resentence Johnson, resulting in a remaining sentence (after vacating that portion relating to Count 19) of 410 months.

Johnson appeals on the sole ground that the district court should have resentenced him, thus relieving him of the procedural bar to his second and third claims, set out above, and allowing him to pursue the substance of those matters during resentencing. Essentially, Johnson argues that, under the "sentencing package" doctrine, when the district court vacates a conviction and its related sentence on one count, it must conduct resentencing on the entire case. See Appellant's Br. at 7. We disagree.

A district court possesses authority to resentence a defendant after vacating a section 924(c) conviction under Bailey. See United States v. Easterling, 157 F.3d 1220, 1224 (10th Cir. 1998) ("holding that, on resentencing, a district court is entitled to revisit a petitioner's entire sentence, not just the challenged portion of that sentence"); United States v. Mendoza, 118 F.3d 707, 710 (10th Cir. 1997) ("district court possessed authority under § 2255 to resentence defendant on the

[related] conspiracy conviction, after having vacated the § 924(c) conviction and sentence"). However, that authority is discretionary, not mandatory. See United States v. Pearce, 146 F.3d 771, 775 (10th Cir. 1998) (citing 29 U.S.C. § 2255).

After deleting part of Johnson's sentence, the district court noted its discretionary authority to recompute Johnson's entire sentence but found that the remaining "sentence originally imposed is more than sufficient to reflect the seriousness of the offense conduct and satisfy the goals of the Sentencing Reform Act. In the absence of authority mandating resentencing, the Court instead elects to leave the 410-month sentence in effect, without recomputation or resentencing." United States v. Johnson, No. CR-94-64-C, slip op. at 2 (W.D. Okla. May 13, 1999) (Order). Johnson advances no persuasive reason in support of an argument that the court abused its discretionary authority, and we conclude that it did not. Accordingly, Johnson's other claims relating to alleged errors in his original sentencing calculation remain procedurally barred.

For the reasons stated above, because Johnson has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY the request for a certificate of appealability and DISMISS the appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-4-