**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNY D. CARTER,

      Petitioner - Appellant,

vs.

BUREAU OF PRISONS,

      Respondent - Appellee.

No. 01-1275
(D.C. No. 01-Z-770)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

Petitioner Johnny D. Carter, a federal inmate appearing pro se, appeals the

district court's dismissal of his petition for writ of habeas corpus brought

pursuant to 28 U.S.C. §§ 2241 and 2253(a). We have jurisdiction pursuant to 28

U.S.C. § 1291. We grant the petition to proceed on appeal in forma pauperis

("IFP"), and affirm the district court's order and judgment of dismissal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

In 1992, Mr. Carter pled guilty to and was convicted of possession with intent to distribute crack cocaine and possession of a firearm during a drug trafficking crime. He was sentenced to 192 months of imprisonment, but his sentence was later reduced to 150 months. Mr. Carter did not appeal his conviction or sentence.

In this petition, Mr. Carter seeks to have his sentence reduced by two years because of his post-conviction rehabilitation efforts. Doc. 3 at 12. The district court dismissed Mr. Carter's petition on the ground that it lacked jurisdiction to modify his previously imposed sentence. See Doc. 4. We review de novo the district court's legal determination that it lacked jurisdiction to modify Mr. Carter's sentence. United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997).

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997)(citation omitted). Mr. Carter claims that the district court had jurisdiction to re-sentence him under 28 U.S.C. § 2241, the general habeas corpus statute. To invoke that jurisdiction, however, Mr. Carter must allege a constitutional deprivation. 28 U.S.C. § 2241(c)(3). Because he has not alleged a constitutional deprivation, we agree with the district court that it did not have jurisdiction to modify his previously imposed sentence.

We GRANT Mr. Carter's petition to proceed on appeal IFP, and affirm the district court's order and judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge