**UNITED STATES**

**v.**

**Eric Jerel SCOTT, Defendant.**

**Criminal No. 05–340–2 (RMC)**

United States District Court,
District of Columbia.

Signed 09/14/2012

Barry Wiegand, U.S. Attorney's Office Special Proceedings Section, Washington, DC, for United States.

Mary Manning Petras, Federal Public Defender for the District of Columbia, Washington, DC, for Defendant.

**OPINION AND ORDER**

ROSEMARY M. COLLYER, United States District Judge

Defendant moves to reduce his sentence from a term of 120 months to a term of time served pursuant to the Fair Sentencing Act of 2010 (FSA), Pub. L. 111–220, 124 Stat. 2372. Because Defendant's motion is based on an erroneous claim that the FSA is retroactive, the motion will be denied.

After entering a guilty plea, Defendant was sentenced on October 19, 2006, to a term of 135 months in prison for Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base (PWID) in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii), to be followed by a sixty month term of supervised release. Judgment [Dkt. 18]. The sentence was based on a finding that the Defendant was responsible for approximately 61 grams of crack cocaine. In the previous round of litigation based on changes to the crack cocaine sentencing guidelines, on March 19, 2008, the Court granted an unopposed motion to

reduce Defendant's sentence to a term of 120 months. Order [Dkt. 25].

The FSA became effective August 3, 2010. The Act changed the crack-to-powder ratio from 100:1 to about 18:1 by increasing the amount of cocaine base (crack) that triggers mandatory sentencing. FSA § 2. The amount that triggers a five-year mandatory minimum was increased from 5 grams to 28 grams, and the amount that triggers a ten-year mandatory minimum was changed from 50 grams to 280 grams. *Id.* The FSA directed the Sentencing Commission to adopt new guidelines aligned with these changes, *id.* § 8, and the Commission amended and lowered the base offense levels for most offenses involving crack. *See* U.S.S.G., App. C, Amendment 750 (Nov. 1, 2010).·

■ Defendant filed this motion to reduce sentence, asserting that the post-FSA mandatory minimums apply to proceedings under 18 U.S.C. § 3582(c)(2). A district court has the power to modify a previously imposed sentence only when authorized by statute. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Under § 3582(c)(2), a court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994(*o* ), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). In other words, § 3582(c) allows a court to reduce a sentence when the applicable sentencing range has been subsequently and retroactively lowered by the Sentencing Commission.

■ Defendant contends that new lower mandatory minimums apply to defendants seeking application of retroactive FSA guidelines in § 3582(c)(2) proceedings, no matter when their initial sentencing occurred. He cites the reasoning of *Dorsey v. Hill*, 567 U.S. 260, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). But *Dorsey* is inapposite, as there the Supreme Court expressly held that the FSA lower penalty provisions apply to offenders who *committed* crack offenses before August 3, 2010 but were not *sentenced* until after that date. *Id.* at 2326, 2331. Defendant was originally sentenced in 2006 and then his sentence was reduced in 2008, both of which occurred before August 3, 2010.

Further, the D.C. Circuit decision in *United States v. Bigesby*, 685 F.3d 1060 (D.C. Cir. 2012) forecloses Defendant's claim. Rejecting a defendant's claim that she was entitled to a reduced sentence under the FSA, the D.C. Circuit found that there was no evidence that Congress intended the FSA to apply to defendants who had been sentenced prior to August 3, 2010. The defendant in *Bigesby* "[could] not benefit from the FSA because it was enacted eight months after [her] January 2010 sentencing, and it is not retroactive." *Id.* at 1066 (noting that every circuit has held that the FSA does not apply to defendants who were sentenced before the date of enactment); *accord United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011). Defendant was sentenced in 2006 and the sentence was reduced in 2008, years before the effective date of the FSA. The FSA's more lenient mandatory minimums do not apply to him.

Defendant's argument that the post-FSA mandatory minimums apply to a re-sentencing under § 3582(c)(2) was rejected by the D.C. Circuit in *Bigesby*. *See United States v. Medley*, Crim. No. 93-410, 2012 WL 3095346 (D.D.C. July 30, 2012). The district court is bound by the law of this Circuit. Further, the more lenient mandatory minimums do not apply because the Supreme Court has made it clear that a § 3582(c)(2) proceeding is only a limited proceeding and not a "plenary resentencing." *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010).

Accordingly, it is hereby

**ORDERED** that Defendant's motion to reduce sentence [Dkt. 26] is **DENIED.**