**UNITED STATES of America,**

**v.**

**Brian N. DANIELS, Appellant.**

**No. 00–2286.**

United States Court of Appeals, Third Circuit.

Submitted May 24, 2002.

Decided Sept. 26, 2002.

Before ALITO, McKEE, and WALLACE,* Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Because we write for the parties only, the background of the case need not be set out.

---

* The Honorable J. Clifford Wallace, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

## I.

First, Appellant argues that several statements made by the Government's witnesses at trial constituted inadmissible hearsay, and that the District Court thus erred admitting them. These statements fall into three categories. The first category consists of the testimony of Linden Levey, Rachel Brooks, and Donald Shank regarding statements made in their presence by Appellant's co-defendant Darnell Doss. According to these witnesses, Doss said that he was not making an adequate profit from his drug dealing activities and inquired as to whether anyone knew of persons in possession of large amounts of money or drugs that Doss could steal. The second category consists of Levey's testimony regarding statements Doss made when he returned to Levey's and Brooks's residence after committing the robbery. These statements refer to Appellant's and Doss's acts of breaking into the victims' apartment, holding the victims at gunpoint, searching for money and drugs and then departing. The final category consists of Shank's testimony regarding Doss's statements prior to the robbery concerning the methods to be used in committing the robbery.

We begin with Appellant's contention that the first category of statements—those regarding Doss's drug business and his inquiries regarding potential sources of money or drugs—constituted inadmissible hearsay. Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. Evid. 801(c). The question of whether a statement constitutes hearsay is one of law, and thus subject to plenary review by this Court. *See United States v. Sallins*, 993 F.2d 344, 346 (3d Cir.1993); *United States v. McGlory*, 968 F.2d 309, 332 (3d Cir.1992).

If a party does not offer a statement into evidence for the purpose of establishing the statement's truth, such statement does not constitute hearsay. *See United States v. Reynolds*, 715 F.2d 99, 101 (3d Cir.1983). In the instant case, the Government did not offer either Doss's statements regarding his drug business or his inquiries about potential sources of drugs and money to prove the truth of the matters asserted. As the attorney for the Government stated at trial, the Government did not offer the drug business statements into evidence to prove that Doss was desperate for money, but rather to show Appellant's motive for conspiring to commit and committing the robbery in conjunction with Doss. As to Doss's requests for information, the federal courts of appeal are in agreement that interrogative statements cannot constitute hearsay because they do not assert the existence of facts and thus cannot be used to "prove the truth" of any matter. *See, e.g., United States v. Oguns*, 921 F.2d 442, 449 (2d Cir.1990); *United States v. Long*, 905 F.2d 1572, 1579–80 (D.C.Cir.1990); *United States v. Vest*, 842 F.2d 1319, 1330 (1st Cir.1988). Hence, the District Court correctly admitted the statements and questions in the first category.

We now treat the second category of statements described above, which concern Appellant's and Doss's acts of entering the victims' apartment, robbing the victims and departing. The Government argues that such statements fall under the "excited utterance" exception to the prohibition of hearsay testimony in the Federal Rules of Evidence. The Federal Rules of Evidence define an excited utterance as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by

the event or condition." Fed.R.Evid. 803(2). This Court has interpreted Rule 803(2) to require a purported excited utterance to meet four criteria to be admissible: (1) there must have been a startling occasion; (2) the statement must relate to the circumstances of the startling occasion; (3) the declarant must have had the opportunity to personally observe the events; and (4) the declarant must have made the statement while he was under the stress of excitement resulting from the occasion in question. *See United States v. Brown*, 254 F.3d 454, 458 (3d Cir.2001). We cannot say that the District Court clearly erred in finding that the robbery constituted a startling or exciting occasion. Since Doss's statements concerned the events that took place immediately prior to and during the robbery, they clearly related to the circumstances of the event at issue. Doss's participation in the robbery gave him the opportunity to personally observe it. Finally, given Levey's description of Doss's anger and agitation when Doss returned to Levey's apartment, the District Court did not clearly err in finding that Doss remained under the stress of excitement when he described the events of the robbery to Levey. Hence, Levey's testimony regarding Doss's statements upon his return to Levey's and Brooks's apartment following the robbery was properly admitted under Rule 803(2).

■ Finally, we turn to Doss's statements concerning the methods to be used in committing the robbery. The Government argues that these statements were admissible under the "coconspirator" exception to the prohibition on hearsay evidence. Under Federal Rule of Evidence 801(d)(2)(E), an out-of-court statement is admissible if it is made "by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed.R.Evid. 801(d)(2)(E). The proponent of a purported coconspirator statement must show, by a preponderance of the evidence, that "(1) a conspiracy existed; (2) the declarant and the party against whom the statement is offered were members of the conspiracy; (3) the statement was made in the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy." *United States v. Ellis*, 156 F.3d 493, 496 (3d Cir.1998); *see also McGlory*, 968 F.2d at 333–34. Here, the record afforded the District Court ample reason to find that Appellant entered into a conspiracy with Doss to commit the robbery. Multiple Government witnesses testified at trial that Appellant agreed to rob the victims' apartment with Doss, to kick open the door, and to hold the gun in the course of the robbery; furthermore, as noted above, Government witnesses testified as to Doss's statements after the robbery regarding the actions of Appellant and Doss during the robbery's commission. As to the making of the statements in the course of the conspiracy, Shank's testimony suggests that the discussions regarding the method by which the robbery would be committed occurred after Appellant's and Doss's agreement to participate in the robbery. Finally, Doss's statements regarding the location of and methods to be employed in the robbery were in furtherance of the conspiracy, since they were directed toward accomplishing the robbery. Hence, the District Court did not abuse its discretion in admitting the out-of-court statements falling into this category.

## II.

Appellant next argues that even if the District Court's admission of the statements described above did not violate the prohibition on hearsay testimony in the Federal Rules of Evidence, the statements' admission violated the Confrontation Clause of the Sixth Amendment to the Constitution, which guarantees a criminal

defendant the right to confront the witnesses against him. U.S. Const. amend. VI. The Government responds first that the statements described above that did not fall within the Federal Rules of Evidence's definition of hearsay do not implicate the Confrontation Clause at all, and second that the statements falling under exceptions to the hearsay rule comport with the Confrontation Clause's mandate because the exceptions at issue are "firmly rooted" in nature. The Government is correct on both counts.

■ We first examine the non-hearsay statements at issue in this appeal, which consist of Doss's discussion of the problems facing his drug business and his questions regarding where he could obtain drugs and money. The Supreme Court's precedents establish that the Confrontation Clause does not protect a litigant from the introduction of an out-of-court statement where that statement is not offered for the purpose of proving its truth. *See United States v. Inadi*, 475 U.S. 387, 394, 398 n. 11, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986); *Tennessee v. Street*, 471 U.S. 409, 414–17, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985). As noted above, the Government did not offer Doss's statements about his drug business and his inquiries about sources of money and drugs to prove their truth. Hence, the introduction of Doss's statements did not violate Appellant's rights under the Confrontation Clause.

■ We reach the same conclusion regarding Doss's statements falling under the excited utterance and coconspirator exceptions to the hearsay prohibition. As the Supreme Court has stated, a criminal defendant's right to confront the witnesses against him is not violated by the introduction of hearsay testimony where either "the hearsay statement 'falls within a firmly rooted hearsay exception,' or where it is supported by 'a showing of particularized

guarantees of trustworthiness.'" *Idaho v. Wright,* 497 U.S. 805, 816–17, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). This Court has held that the excited utterance exception falls into the "firmly rooted" category. *See Kontakis v. Beyer,* 19 F.3d 110, 119 (3d Cir.1994). The Supreme Court has issued the same holding regarding the coconspirator exception. *See Bourjaily v. United States,* 483 U.S. 171, 183, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). Therefore, the District Court did not violate the Confrontation Clause by admitting Doss's excited utterances and Doss's statements in his capacity as Appellant's coconspirator.

### III.

Appellant contends that the Government's evidence was insufficient to warrant conviction in three respects. First, he claims that the Government presented insufficient evidence to prove that the gun Appellant used during the robbery had previously traveled in interstate commerce. Second, he claims that the evidence was generally insufficient to warrant conviction on Counts I and II of the indictment. Finally, he claims that the Government failed to prove that he committed the robbery to advance his position in a racketeering enterprise. We address each of these arguments below.

■ First, Appellant claims that the evidence presented by the Government at trial was insufficient to prove that the gun he used in the commission of the robbery traveled in interstate commerce. Hence, Appellant argues, the Government failed to prove an essential element of its prima facie case against him. Presumably, Appellant is referring to Count III of the offenses alleged in the indictment, which charges Appellant with "possess[ing] in or affecting commerce" a firearm while being an "unlawful user of ... any controlled

substance" in violation of 18 U.S.C. 922(g)(3). App. I at 16. We draw this conclusion because Counts I, II, IV and V of Appellant's indictment do not charge Appellant with violations of statutes requiring that the defendant possess a firearm that has traveled in interstate commerce.[1]

An appellant may prevail on a claim that the evidence against him is insufficient to warrant a conviction if it is impossible that, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Aguilar*, 843 F.2d 155, 157 (3d Cir.1988) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The specific question here is whether a rational trier of fact could have found that Appellant possessed a firearm "in or affecting commerce" in the course of committing the robbery with Doss. The Government argues that the testimony of two Government witnesses at trial was sufficient to allow a rational jury to find that Appellant possessed firearm in or affecting commerce: first, Levey's testimony that the revolver Appellant used in the commission of the robbery was manufactured by Smith & Wesson; second, the testimony of Special Agent Keith Rossman of the Bureau of Alcohol, Tobacco and Firearms to the effect that Smith & Wesson revolvers are manufactured only in Massachusetts and therefore that the revolver in the instant case must have moved in interstate commerce at some point to reach Appellant in

Pennsylvania. Appellant rejoins that Rossman testified that he "never saw the gun, nor did he have any independent knowledge as to whether the gun was manufactured outside the state of Pennsylvania." Brief for Appellant at 8. This fact, however, does not defeat the possibility that a ration jury could choose to credit both Rossman's statement that all Smith & Wesson revolvers are manufactured in Massachusetts and Levey's statement that the gun was a Smith & Wesson, thus permitting an inference that Appellant's weapon must have traveled from Massachusetts to Pennsylvania. Hence, we reject Appellant's challenge to the sufficiency of the Government's evidence as to the interstate commerce element of Count III.

■■ Second, Appellant claims that the Government's evidence was insufficient to support his conviction for the crimes charged in Counts I and II of the indictment. Count I alleges that Appellant, "during ... and in furtherance of a drug trafficking crime for which he could be prosecuted in a court of the United States ... possessed, used and carried a firearm, and in furtherance of such crimes brandished a firearm" in violation of 18 U.S.C. § 924(c)(1)(A)(ii). App. I at 15. The evidence the Government presented at trial was sufficient to prove the elements of this offense. The Government demonstrated that Appellant and Doss attempted and conspired to rob the victims with the goal of obtaining illegal drugs for Doss's operation. Attempting and conspiring to pos-

---

1. *See* App. I at 15 (describing Count I, which charges the use of a firearm "in furtherance of a drug trafficking crime for which [Appellant] could be prosecuted in a court of the United States" in violation of 18 U.S.C. § 924(c)(1)(A)(ii)); *id.* at 15–16 (describing Count II, which charges conspiracy to use a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(*o*)); *id.*

at 16 (describing Count IV, which charges assault with a dangerous weapon for the purpose of entering or increasing Appellant's position in an enterprise engaged in racketeering activity in violation of 18 U.S.C. § 1959(a)(3)); *id.* at 16–17 (describing Count V, which charges non–firearms–related witness tampering in violation of 18 U.S.C. § 1512(b)(1)).

sess a controlled substance with intent to distribute such substance are violations of federal law, and hence Appellant could have been prosecuted for such offenses "in a court of the United States." *See* 21 U.S.C. § 841(a)(1) (prohibiting possession of a controlled substance with intent to distribute such substance); 21 U.S.C. § 846 (prohibiting conspiracy to possess and attempt to acquire possession of a controlled substance with intent to distribute). Furthermore, the Government showed through the testimony of the victims and several of Appellant's acquaintances that Appellant held a revolver in the course of the robbery. Hence, the Government's evidence was sufficient to establish the elements of Count I. Count II simply alleges that Appellant conspired with Doss and others to commit the crime charged in Count I and performed an overt act in furtherance of the conspiracy. App. II at 16. Given the Government's extensive evidence regarding the agreement between Appellant and Doss to rob the victims in order to obtain illegal drugs and their acts in furtherance of that agreement, we must also reject Appellant's challenge as to Count II.

■ Finally, Appellant argues that the Government presented insufficient evidence to prove the allegation in Count IV that Appellant committed an assault "for the purpose of gaining entrance to or maintaining or increasing [his] position in an enterprise engaged in racketeering activity" in violation of 18 U.S.C. § 1959(a)(3). Brief for Appellant at 8. The Government's evidence is insufficient, Appellant maintains, because (1) the Government failed to prove the existence of a racketeering enterprise at trial, and (2) even if the Government did show that such an enterprise was present, the Government failed to show that Appellant sought to "enhance his status" or act as an "en-

forcer" in that enterprise. *Id.* We address these arguments in turn.

Section 1959(b)(1) incorporates the definition of "racketeering activity" set forth in 18 U.S.C. § 1961. 18 U.S.C. § 1959(b)(1). Section 1961(1)(A) specifies that racketeering activities include "dealing in a controlled substance" in a manner "chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A). Section 1959(b)(2)'s definition of an "enterprise" includes "any ... group of individuals associated in fact although not a legal entity ... engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1959(b)(2). Here, the evidence permitted a reasonable jury to determine that at the time of the robbery, Doss was managing a drug distribution business employing multiple dealers and trafficking in heroin and marijuana. As to the question of whether this activity violated state law and was punishable by imprisonment for more than one year, it suffices to say that the delivery of as little as one gram of heroin was punishable by a mandatory minimum sentence of two years under Pennsylvania law in 1999. *See* 35 Pa.C.S.A. § 780–113(a)(30) (prohibiting the "delivery ... [of] a controlled substance"); 18 Pa.C.S.A. § 7580(a)(7)(i) (stating that a "person who is convicted of violating section ... (30)" of Section 780–113(a) "where the controlled substance ... is heroin" and the substance containing heroin has an aggregate weight of between 1.0 and 5.0 grams shall receive a mandatory minimum sentence of two years in prison). Finally, as to the interstate commerce element, this Court has previously stated that the distribution of illegal drugs is an "inherently commercial activity" and therefore "substantially affects" interstate commerce for the purposes of the Commerce Clause. *United States v. Orozco,* 98 F.3d 105, 107 (3d Cir.1996). As many of the other cir-

cuits have stated, a substantial effect upon interstate commerce is more than enough to establish the interstate commerce element of Section 1959(b)(2); indeed, a de minimis effect will suffice. *See, e.g., United States v. Juvenile Male,* 118 F.3d 1344, 1347 (9th Cir.1997); *United States v. Miller,* 116 F.3d 641, 674 (2d Cir.1997); *United States v. Doherty,* 867 F.2d 47, 68 (1st Cir.1989). Since the enterprise at issue here was engaged in drug trafficking, the interstate commerce requirement of Section 1959(b)(2) is met. The evidence is therefore sufficient to show that an enterprise was present for the purposes of Section 1961(1)(A).

■ Appellant argues that the evidence presented at trial was insufficient to convince a rational trier of fact that he committed an assault in the course of the robbery for the purpose of "gaining entrance to or maintaining or increasing his position" in Doss's drug enterprise. The Government correctly responds that Section 1959(a)(3) only requires it to demonstrate that a defendant committed an assault for the purpose of furthering a criminal enterprise's goals to show that the defendant acted to "maintain or increase" his position in that enterprise. *See United States v. Tse,* 135 F.3d 200, 206 (1st Cir.1998); *United States v. Concepcion,* 983 F.2d 369, 381 (2d Cir.1992). The evidence showed that Doss told Appellant that the reason he wanted to commit the robbery was to shore up Doss's drug distribution business, that Appellant agreed to assist Doss with full knowledge of Doss's goals, and that Appellant assaulted Schmader to facilitate the commission of the robbery. A rational trier of fact could find based on such evidence that Appellant committed the assault for the purpose of furthering Doss's ends. We therefore reject Appellant's challenge

to the sufficiency of the evidence against him as to Count IV.

## IV.

■ Appellant contends that the District Court violated his Sixth Amendment right to counsel by failing to rule on his complaints during trial regarding the adequacy of his attorney. Where a criminal defendant requests new counsel or expresses a desire to represent himself, the trial court is obligated to inquire as to whether the reasons for the defendant's request "constitute good cause and ... [are] sufficiently substantial to justify a continuance of the trial in order to allow new counsel to be obtained," and to ensure that any decision to proceed pro se is accompanied by an "intelligent and competent" waiver of the defendant's Sixth Amendment right to counsel. *United States v. Welty,* 674 F.2d 185, 187 (3d Cir.1982); *see also Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *United States v. Peppers,* 302 F.3d 120, ——–——, 2002 U.S.App. LEXIS 17337, at *26–28 (3d Cir.2002). However, the Sixth Amendment does not require a trial court to rule on a criminal defendant's complaints regarding his counsel where he has neither requested new counsel nor asked to proceed pro se. *See United States v. Iles,* 906 F.2d 1122, 1131 (6th Cir.1990); *Moreno v. Estelle,* 717 F.2d 171, 175 (5th Cir.1983). In the instant case, Appellant told the District Court that he was "not happy with the representation" and that he "raised some questions that were not asked," but he did not ask to have his counsel replaced or to represent himself. App. III at 6. Hence, the District Court did not err in declining to rule on Appellant's complaints.

## V.

■ Appellant finally argues that the United States lacks standing to bring a

criminal action against him in federal court because the indictment fails to present a "cas[e]" or "controvers[y]" as required by Article III, Section 2 of the Constitution. U.S. Const. Art. III, sec. 2. Presumably, this is because, in Appellant's view, his crimes did not inflict the "concrete" and "imminent" injury in fact" on the United States that Article III requires civil litigants to demonstrate to have their claims adjudicated in federal court *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). This contention is frivolous. As sovereign, the United States has standing to prosecute violations of valid criminal statutes.

For the foregoing reasons, we affirm the judgment of the District Court.