**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2655
_____

UNITED STATES OF AMERICA

v.

MARK BRADFORD YARBROUGH, SR.,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-06-cr-00203-001)
District Judge: Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1
October 26, 2011

Before:   FISHER, VANASKIE and ROTH, *Circuit Judges*

(Filed: November 18, 2011)
_____

OPINION OF THE COURT
_____

VANASKIE, *Circuit Judge.*

Mark Bradford Yarbrough appeals the District Court's decision declining to

dismiss his indictment, which charges violations of 18 U.S.C. § 922(g)(1) and 18 U.S.C.

§ 924(e) based upon Yarbrough's possession of firearms as a previously convicted felon.

Yarbrough argues that (1) the District Court lacked jurisdiction over his criminal prosecution because 18 U.S.C. § 922(g)(1) is unconstitutional under the Commerce Clause, (2) the Government lacked standing to prosecute him because it alleged no injury in fact, and (3) the Government violated the Speedy Trial Act, 18 U.S.C. § 3161, by failing to bring him to trial within seventy days. We reject each of Yarbrough's arguments and will affirm.

## I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case, so we set forth only those facts necessary to our analysis. On June 6, 2006, a federal grand jury indicted Yarbrough for two counts of possessing a firearm in violation of 18 U.S.C. § 922(g)(1), which precludes convicted felons both from "ship[ping] or transport[ing] in interstate or foreign commerce, or possess[ing] in or affecting commerce, any firearm or ammunition," and from "receiv[ing] any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The grand jury also indicted Yarbrough under 18 U.S.C. § 924(e), which increases the penalty for violations of 18 U.S.C. § 922(g)(1) when the offender has three or more "violent felony" or "serious drug offense" convictions.

Yarbrough pled not guilty at his arraignment on June 6, 2006. Between June 7, 2006 and May 26, 2009, he filed thirty-one motions and sought and received thirteen extensions of time. Most importantly for Yarbrough's Speedy Trial Act claim, he filed four motions on June 16, 2006. The District Court resolved one of his four motions on June 30, 2006, but the other three remained pending until May 15, 2009, when the

2

District Court denied them following a hearing. On May 20, 2009, Yarbrough moved to obtain a transcript of his May 15, 2009 hearing, which the District Court resolved on May 22, 2009.

Among Yarbrough's motions, he requested that the District Court dismiss his indictment because the Government lacked standing to prosecute him and because the Government violated the Speedy Trial Act. The District Court rejected both of Yarbrough's arguments and scheduled his case for trial.

On May 26, 2009, Yarbrough pled guilty pursuant to a written plea agreement. The plea agreement states that Yarbrough waived his right to appeal except on five issues, including "[w]hether the court properly denied those portions of Document No. 107 regarding the court's jurisdiction over this matter." (A. 12.) In Document 107, Yarbrough contends, *pro se*, that the District Court lacked jurisdiction because the prosecutor and the judge never proved their identities.

Yarbrough now appeals, contending that the District Court erred in refusing to dismiss his indictment. He argues that the District Court lacked jurisdiction over his criminal prosecution because 18 U.S.C. § 922(g)(1) is unconstitutional under the Commerce Clause, and that the District Court erred in holding that the Government had standing to prosecute him and that the Government did not violate the Speedy Trial Act.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review because Yarbrough

3

challenges "the district court's construction of statutes and case law." *United States v. Cross*, 128 F.3d 145, 147 (3d Cir. 1997).

## A.

Yarbrough contends that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and that the Government's "proffered evidence of the interstate commerce nexus in this case . . . is inadequate under the Constitution to support a conviction." (Appellant's Br. 14.) Yarbrough's arguments rest on his assertion that "evidence that a firearm moved across state lines at some point in time during its existence" is inadequate to satisfy the Commerce Clause. *Id.* at 18. The Government asserts that Yarbrough waived his argument concerning § 922(g)(1)'s constitutionality because the only jurisdictional challenge he preserved in his plea agreement was his argument in Document 107.

Yarbrough did not waive his facial challenge to § 922(g)(1)'s constitutionality because a defendant does not waive a jurisdictional challenge by pleading guilty. *See United States v. Spinner*, 180 F.3d 514, 516 (3d Cir. 1999). A challenge is jurisdictional "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge." *Menna v. New York*, 423 U.S. 61, 62 (1975); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) (a guilty plea does not waive an argument when "on the face of the record the court had no power to enter the conviction"). Yarbrough's challenge is jurisdictional because, if § 922(g)(1) is facially unconstitutional, the District Court lacked power to charge and to convict him.

Yarbrough's challenge, however, is meritless. The Commerce Clause permits the Government to regulate "the channels of interstate commerce," "the instrumentalities of

4

interstate commerce," and "those activities having a substantial relation to interstate commerce." *United States v. Morrison*, 529 U.S. 598, 609 (2000) (internal citations omitted). We previously held that "proof . . . that [a] gun had traveled in interstate commerce, at some time in the past, [is] sufficient to satisfy the interstate commerce element," so § 922(g)(1) is constitutional. *United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001). Because we already squarely decided that § 922(g)(1) is constitutional, Yarbrough's facial challenge fails.

Yarbrough waived his "as applied" argument that the Government failed to demonstrate a sufficient interstate commerce nexus when he pled guilty. When a defendant enters a knowing and voluntary guilty plea, the defendant "admit[s] guilt of a substantive crime" and waives all non-jurisdictional defenses, except for those that the plea agreement expressly preserves. *Broce*, 488 U.S. at 570; *United States v. Jackson*, 523 F.3d 234, 244 (3d Cir. 2008). Yarbrough did not preserve his argument that the Government failed to demonstrate an interstate commerce nexus in the plea colloquy, and his challenge is not jurisdictional because an "as applied" challenge does not affect the facial validity of the indictment. *See Menna*, 423 U.S. at 62 (an argument is jurisdictional when it precludes the Government from bringing the charge); *United States v. Cortez*, 973 F.2d 764, 767 (9th Cir. 1992) (an argument is jurisdictional only when it shows "the government lacked the power to bring the indictment at the time of accepting the guilty plea from the face of the indictment or from the record") (emphasis and citation omitted). In any event, Yarbrough admitted that he possessed a firearm "in or affecting interstate commerce" by pleading guilty. (A. 17.) Accordingly, Yarbrough waived his

5

right to contend that the Government provided inadequate evidence of an interstate commerce nexus to satisfy the Commerce Clause.

B.

Yarbrough contends that the Government lacked standing because it failed to allege an injury in fact under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate standing, a party must show "(1) an injury in fact . . . (2) causation[,] . . . and redressability." *Freeman v. Corzine*, 629 F.3d 146, 153 (3d Cir. 2010) (citations omitted). The Government doubtlessly suffers an "injury in fact" when a defendant violates its criminal laws. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) (the Government suffers injury from the "violation of its laws"); *United States v. City of Pittsburgh*, 757 F.2d 43, 45 (3d Cir. 1985) ("the United States may bring suit to protect its sovereign interests notwithstanding the lack of any immediate pecuniary interest") (quoting *United States v. Lewisburg Area Sch. Dist.*, 539 F.2d 301, 305 (3d Cir. 1976)). Because the Government has standing to enforce its own laws, Yarbrough's argument that the Government has failed to allege an injury in fact is frivolous.

C.

Finally, we reject Yarbrough's argument that the Government violated the Speedy Trial Act. The Speedy Trial Act requires the Government to bring a defendant to trial within seventy days from the defendant's information, indictment, or arraignment, whichever date occurs last. *See* 18 U.S.C. § 3161(c)(1). The Speedy Trial Act excludes "delay resulting from any interlocutory appeal;" "delay resulting from any pretrial

6

motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition, of such motion;" and "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(C), (D), (H). The Speedy Trial Act also excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public." 18 U.S.C. § 3161(h)(7).

Yarbrough argues that the Government violated the Speedy Trial Act because nearly three years lapsed between his indictment and his guilty plea. However, as the Government contends, fewer than seventy of the days between Yarbrough's indictment and his guilty plea were non-excludable.

Yarbrough's indictment and arraignment occurred on June 6, 2006. As the Government concedes, the following nine days were non-excludable. On June 16, 2006, Yarbrough stopped the Speedy Trial Act clock by filing four motions. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion"). Three of Yarbrough's motions remained pending until May 15, 2009, so the period between June 16, 2006 and May 15, 2009 was excludable under 18 U.S.C. § 3161(h)(1)(D). The following five days were non-excludable. Then on May 20, 2009, Yarbrough filed a motion seeking a transcript of his May 15, 2009 hearing, so the Speedy Trial Act clock stopped until the District Court resolved Yarbrough's motion on May 22, 2009. *See* 18 U.S.C. § 3161(h)(1)(D). On May 26, 2009, Yarbrough pled guilty, which stopped the

7

Speedy Trial Act clock altogether. Accordingly, just seventeen non-excludable days passed between Yarbrough's indictment and his guilty plea.[1]

Further, even disregarding the motions that Yarbrough filed on June 16, 2006, Yarbrough filed numerous other motions and continuance requests that stopped the Speedy Trial Act clock during the period between his indictment and his plea hearing. On July 20, 2006, Yarbrough filed a motion requesting the District Court to reconsider the magistrate judge's denial of bond, which remained pending until March 16, 2007, during which time two attorneys representing Yarbrough withdrew from the case. Additionally, before and after March 16, 2007, Yarbrough sought and received thirteen extensions of time to file pretrial motions, which resulted in excludable time under 18 U.S.C. § 3161(h)(7)(A).[2] These extensions lasted until May 30, 2008. Moreover, more than a dozen motions that Yarbrough had filed before and after May 30, 2008, remained pending until May 15, 2009. Thus, even ignoring Yarbrough's June 16, 2006 motions, fewer than seventy non-excludable days passed between Yarbrough's indictment and his guilty plea hearing, so his Speedy Trial Act claim fails.

---

[1] Yarbrough contends that the District Court failed to rule on the motions that he filed on June 16, 2006. However, the record demonstrates that the District Court ruled on one of his motions on June 30, 2006, and decided the remaining three motions on May 15, 2009.

[2] Asserting that the District Court failed to state why each continuance served the ends of justice, Yarbrough contends that his requests for continuances were not excludable under 18 U.S.C. § 3161(h)(7)(A). Yarbrough's argument lacks merit because the District Court did state that each requested continuance served the ends of justice for the reasons that Yarbrough set forth in his own motions, and no further elaboration was necessary. *See United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992) (a district court need not "articulate facts which . . . are set forth in the motion for the continuance itself").

III.

For the foregoing reasons, we will affirm the District Court's judgment.