**PUBLISH**

FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

June 23, 2025

Christopher M. Wolpert
Clerk of Court

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LANCE DOUGLAS ROARK,

    Defendant - Appellant.

No. 24-5062

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 4:23-CR-00262-GKF-1)**

_____

Submitted on the briefs[1]:

Benjamin Miller, Salt Lake City, Utah, and Ryan J. Villa, Law Office of Ryan J. Villa, Albuquerque, New Mexico, for Appellant.

Clinton J. Johnson, United States Attorney, and Steven J. Briden, Assistant United States Attorney, Northern District of Oklahoma, Tulsa, Oklahoma, for Plaintiff-Appellee.

_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

---

[1]    The panel concludes that oral argument would not be helpful. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

_____

This appeal grows out of allegations that a father tried to engage in sex with his young daughter, which led to charges of abusive sexual contact and assault with intent to commit aggravated sexual abuse. In this appeal, we face three issues. The first issue involves the crime of abusive sexual contact; the second and third issues involve the crime of assault with intent to commit aggravated sexual abuse.

The first issue involves the extent of a district court's duty to instruct on unanimity. This issue arose because the daughter testified about three incidents of sexual abuse on the same day and the charge of abusive sexual contact didn't distinguish between the incidents. If the district court erroneously failed to tell the jury that it could find guilt only by agreeing on the particular incident of sexual abuse, would the error affect a substantial right without some apparent reason to think that the jurors had credited different parts of the girl's testimony? We answer *no*.

The second issue involves reconsideration of an acquittal on the charge of assault with intent to commit aggravated sexual abuse. This issue arose because the district court changed its mind after mistakenly ruling that the evidence didn't support the jury's finding of an assault. Could the district court correct its mistake by reentering the conviction? We answer *yes*.

The third issue involves the sufficiency of the evidence for the jury to find an assault with the intent to commit aggravated sexual abuse: Can a jury reasonably infer that the father committed an assault with the intent to commit aggravated sexual abuse when he (1) told his daughter that she would experience pain when they had vaginal intercourse and (2) escalated an ongoing pattern of sexual contact? We answer *yes*.

**I.    Mr. Roark is convicted of sexually abusing and assaulting his 11-year-old daughter.**

This case stems from Mr. Lance Roark's alleged sexual abuse and assault of his 11-year-old daughter, G.R. She testified that the abuse had occurred over the course of a day.

According to that testimony, the abuse started in the toy room of the family home, where Mr. Roark touched her chest through her clothes and displayed a pornographic video. G.R. added that she had moved into the school room, where Mr. Roark

- told her that he would have vaginal sex with her that night, the sex would hurt, and she might scream, and

- touched her vagina through her clothes, made her touch his exposed penis, and repeated that they would have sex.

G.R. also testified that Mr. Roark had instructed her to ask him to drive her to the store. G.R. asked, as instructed, and Mr. Roark began driving her to a store. G.R. stated that

- as Mr. Roark had driven, he touched G.R.'s vagina through her clothes and asked her to pull down her pants,

3

- she refused, and

- Mr. Roark showed more pornographic videos, which she interpreted as an effort to "get [her] used to . . . that happening to [her]." R. vol. 1, at 486.

According to G.R., Mr. Roark then stopped on a dirt road, moved G.R. onto his lap, "suck[ed] on [her] chest," touched her vagina, kissed her, and asked if she "was sure about" having vaginal sex. *Id.* at 487–89.

A jury found Mr. Roark guilty of

- abusive sexual contact in Indian Country with a minor under 12 years old and

- assault in Indian Country with intent to commit aggravated sexual abuse of a minor under 12 years old.

18 U.S.C § 2244(a)(5) (count 1); 18 U.S.C. § 113(a)(1) (count 2). Notwithstanding the verdict, the court entered a judgment of acquittal on the assault charge, reasoning that the evidence of guilt was insufficient because Mr. Roark had said that the sex would take place that night (rather than right away). The government moved for reconsideration, and the court granted the motion. This appeal followed.

## II.    The district court didn't plainly err by omitting an instruction requiring agreement on the instance of sexual contact.

For the charge of abusive sexual contact, the government needed to prove that Mr. Roark had engaged in sexual contact with G.R. 18 U.S.C.

4

§ 2244(a).[2] But G.R. testified about three instances of sexual contact, and the court didn't instruct the jurors that they needed to agree on which incident had been proven. Mr. Roark argues that this omission constituted error.

Mr. Roark admits that we apply the plain-error standard because he didn't raise this issue in district court. Under this standard, Mr. Roark must show that

- an error occurred,

- the error is plain,

- the error affected his substantial rights, and

- the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Hicks*, 116 F.4th 1109, 1114 (10th Cir. 2024). We focus on the third element: an effect on Mr. Roark's substantial rights.[3]

---

[2]    For both charges, the government also had to prove that

- Mr. Roark is an Indian,

- the offenses happened in Indian Country, and

- the victim was under 12 years old.

18 U.S.C. §§ 1151, 1153, 2241(c). These elements aren't disputed here.

[3]    We assume, without deciding, that the omission was erroneous and that the assumed error was plain.

5

For this element, Mr. Roark must show a reasonable probability that the outcome would have been different if the court had told the jurors that they needed to agree on which incident had been proven. *United States v. Benford*, 875 F.3d 1007, 1017 (10th Cir. 2017). In an effort to satisfy this element, Mr. Roark argues in his opening brief that the evidence wasn't overwhelming. Regardless of the strength of the evidence, however, Mr. Roark doesn't suggest any reason for the jury to credit parts of G.R.'s testimony and to reject other parts.

In fact, Mr. Roark never directly denied G.R.'s testimony about sexual misconduct. Instead, Mr. Roark focused on the government's handling of testimony that (1) his actions had been "out of character" and (2) he had been under the influence of alcohol. R. vol. 1, at 635–37. Based on the government's handling of testimony about the possibility of intoxication, Mr. Roark invited the jury to "question the credibility and the motive of the accusers and the accusations." *Id.* at 637. But the jury apparently rejected that invitation because every juror found beyond a reasonable doubt that Mr. Roark had engaged in at least one instance of sexual contact with G.R.

Given the unanimity on guilt, why would a juror credit G.R.'s testimony about one instance and not the others? After all, the abuse unfolded during a single day, each instance involved sexual contact, and no one suggested a reason that G.R. would remember some events more

6

clearly than others. Without such a suggestion, Mr. Roark presents no plausible reason for any juror to believe G.R.'s testimony about one instance and disbelieve her testimony about the other instances. We thus have little reason to think that the jury failed to agree on at least one instance of sexual abuse.

Mr. Roark also argues in his reply brief that without further instruction, the jury might have been confused about the evidence of sexual contact. He waived this argument by omitting it in his opening brief. *See United States v. Hernandez*, 104 F.4th 755, 762 n.3 (10th Cir. 2024).

But the argument also lacks support because (1) the court instructed the jury that guilt required agreement that sexual contact had occurred and (2) the testimony about the sexual contact was simple. G.R. testified that Mr. Roark had

- touched her vagina twice,

- made her touch his penis, and

- sucked on her chest.

Granted, some courts require additional instruction on unanimity to avoid confusion when the prosecution presents complex evidence about multiple schemes. *E.g.*, *United States v. Payseno*, 782 F.2d 832, 836–37 (9th Cir. 1986). But here, we see little reason to believe that the jury would have been confused about G.R.'s testimony or how it related to the elements of abusive sexual contact.

7

Mr. Roark also argues in his reply brief that the instructions might also have affected the verdict on the assault charge. This argument is entirely new, so the government has not had a chance to respond. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (noting that the waiver rule "protects this court from publishing an erroneous opinion because we did not have the benefit of the appellee's response"). So we decline to consider this issue. *Niemi v. Lasshofer*, 728 F.3d 1252, 1262 (2013).

## III.   The district court didn't err by reinstating the conviction for assault.

For the assault charge, the government needed to prove that Mr. Roark had assaulted G.R. with the specific intent to commit aggravated sexual abuse. 18 U.S.C. § 113(a).[4] Mr. Roark argued in district court that the government hadn't proven either an assault or the intent to commit aggravated sexual abuse. The court rejected these arguments, and the jury found guilt.

After the verdict, the court sua sponte revisited the issue and acquitted Mr. Roark based on insufficient evidence of assault. The government moved for reconsideration; and the court reinstated the conviction, concluding that a reasonable jury could have found an assault and the required intent.

---

[4]    The other elements aren't disputed here. *See* note 2, above.

8

On appeal, Mr. Roark argues that

- no grounds existed for reconsideration,

- reconsideration violated the Double Jeopardy Clause, and

- the evidence of guilt wasn't sufficient.

We reject these arguments.

### A.   Proper grounds existed for reconsideration.

Reconsideration is appropriate when the court created a manifest injustice or made a clear error. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Mr. Roark argues that these grounds didn't exist. For this argument, he suggests that we apply the abuse-of-discretion standard. We assume for the sake of argument that he's correct about the standard. Even so, he hasn't shown an abuse of discretion.

In granting an acquittal, the court focused only on the incident in the school room, where Mr. Roark had threatened vaginal sex that night. On reconsideration, the court decided that this focus had been too narrow based on

- the definition of *threat* in the context of an assault and

- the significance of a defendant's past statements and conduct toward the victim of an alleged assault.

The court concluded that a more appropriate focus could allow a finding of guilt based on

- Mr. Roark's other statements and conduct and

9

- inferences about the effect of those statements and conduct on G.R.[5]

The district court identified the standard for reconsideration, reflecting awareness of the appropriate grounds. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). After identifying the standard, the court gave "extensive treatment" to the parties' arguments and specified reasonable inferences that had been overlooked earlier. *Id.* at 539–40. So there can be "little doubt" that the court believed that it had clearly erred by granting the acquittal. *Id.* Under these circumstances, we "defer to the district court's discretion to correct its mistakes." *Id.* at 540.

**B.    Reconsideration didn't violate the Double Jeopardy Clause.**

Mr. Roark argues that reconsideration violated the Double Jeopardy Clause because the district court needed to make new factual findings after

---

[5]    Mr. Roark argues that the district court shouldn't have considered this argument because it hadn't appeared until the government moved for reconsideration. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating that reconsideration motions may not be used to "advance arguments that could have been raised in prior briefing"). But the government couldn't have made this argument earlier because the court had acquitted Mr. Roark sua sponte without briefing. And in evaluating the sufficiency of the evidence, the district court needed to determine whether any reasonable view of the evidence could have supported the verdict. *United States v. Reddeck*, 22 F.3d 1504, 1507 (10th Cir. 1994).

an acquittal had taken place.[6] But the court didn't conduct any new factfinding. Instead, the court asked three questions:

1.  Could the jury have reasonably inferred that Mr. Roark's actions and conduct had put G.R. in reasonable apprehension of immediate bodily harm?

2.  Could the jury have reasonably inferred that Mr. Roark had intended to commit aggravated sexual abuse?

3.  Based on those inferences and the underlying evidence, could a reasonable jury find Mr. Roark guilty?

All three are questions of law, not fact. *See United States v. Goldesberry*, 128 F.4th 1183, 1191 (10th Cir. 2025) ("Sufficiency of the evidence is a question of law . . . ."); *Morgan v. UPS*, 380 F.3d 459, 466 (8th Cir. 2004) (stating that the reasonableness of an inference is a question of law). So the court acted legally rather than factually when answering these questions.

Granted, the Double Jeopardy Clause could be implicated when additional factfinding occurs after an acquittal. An example arose in *Smith v. Massachusetts*, 543 U.S. 462 (2005). There the trial court acquitted the defendant of a gun charge because the government hadn't presented evidence of the length of the gun barrel, a required element. *Id.* at 464–65.

---

[6]    The parties disagree on the standard of review: Mr. Roark argues that the abuse-of-discretion standard applies; the government argues for plain error. Under either standard, Mr. Roark would need to show that the Double Jeopardy Clause applies; and the applicability of the Double Jeopardy Clause is a legal question subject to de novo review. *United States v. Easterling*, 157 F.3d 1220, 1223 (10th Cir. 1998).

The trial court later reversed the acquittal, and the jury ultimately found the defendant guilty. *Id.* at 465–66. The Supreme Court reversed, recognizing a violation of the Double Jeopardy Clause because the conviction had rested on new factfinding after an acquittal. *Id.* at 467, 475.

Mr. Roark characterizes the additional factfinding in *Smith* as the trial court's determination that "a reasonable juror could find the element of barrel length based on the type of gun." Appellant's Opening Br. at 26. But that determination involved a legal matter rather than a factual issue. The additional factfinding occurred only later as the jury considered the gun charge. *Smith*, 543 U.S. at 467.

Our case is different because (1) the jury found Mr. Roark guilty *before* the acquittal and (2) the district court didn't make other factual findings. To the contrary, the court reversed the acquittal based on a *legal* determination that the jury's factfinding hadn't been unreasonable or insufficient. This reconsideration on a purely legal issue doesn't violate the Double Jeopardy Clause. *See id.* ("When a jury returns a verdict of guilty and a trial judge . . . sets aside that verdict and enters a judgment of

12

acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty.").[7]

### C.    Sufficient evidence existed for the district court to reinstate the conviction.

Mr. Roark also argues that the evidence didn't permit a finding that he

- had assaulted G.R. or

- had harbored an intent to commit aggravated sexual abuse.

18 U.S.C. § 113(a)(1). For these arguments, we conduct de novo review. *United States v. Goldesberry*, 128 F.4th 1183, 1191 (10th Cir. 2025). From that review, we reject Mr. Roark's arguments, concluding that the evidence and reasonable inferences allowed the jury to find both elements beyond a reasonable doubt.

### 1.    Sufficient evidence existed of an assault.

The evidence of assault included G.R.'s testimony about the touching that had taken place in the toy room, the school room, and the vehicle.

G.R. testified that when she was in the toy room, Mr. Roark had

- touched his "boy parts" when looking at her,

- showed her a video of oral sex, and

---

[7]    Mr. Roark argues that *Smith*'s reference to a "prosecution appeal" would confine reinstatement of a conviction to a conventional appeal. But nothing in *Smith* suggests that the Court was using the word *appeal* in that narrow sense. And Mr. Roark doesn't explain how a trial court's reinstatement of a conviction would violate the Double Jeopardy Clause if the same action by an appellate court would not.

- touched her on the chest over her shirt.

R. vol. 1, at 469–71.

G.R. and Mr. Roark soon moved to the school room. G.R. testified that while they were in this room, Mr. Roark

- said that he wanted to have sex with her and

- asked if she wanted his "boy part" in her mouth or her vagina.

*Id.* at 472–75. G.R. explained that she had picked her vagina, and Mr. Roark told her that they would have sex that night and the sex would hurt.

According to G.R., Mr. Roark then got her alone in his vehicle, put her on his lap, displayed a pornographic video, asked to touch her vagina, pulled up her shirt, "suck[ed]" on her chest, kissed her, touched her vagina through her clothes, asked if she "was sure about" having vaginal sex, and told her that he needed to put all of his "seed" into her vagina. *Id.* at 483–90. We must determine whether this testimony by G.R. would permit a reasonable jury to find an assault.

An *assault* occurs when a "threat to inflict injury . . . coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *United States v. Hathaway*, 318 F.3d 1001, 1008 (10th Cir. 2003). The resulting issue is whether a jury could reasonably find a threat to inflict injury, the appearance of a present ability to inflict injury, and

14

reasonable apprehension of an immediate bodily harm. We answer *yes* for two reasons.

First, a jury could reasonably infer that Mr. Roark had threatened G.R. with the apparent ability to inflict an injury. G.R. was an 11-year-old girl isolated in a vehicle on a dirt road with her father, and his abuse seemed to be escalating toward a painful act of vaginal intercourse. Given the isolation and escalating conduct, a jury could reasonably find that Mr. Roark had threatened G.R. and had the present ability to injure her. *See United States v. Calderon*, 655 F.2d 1037, 1038 (10th Cir. 1981) (upholding a conviction for an assault without an explicitly threatening statement).

Second, a jury could also reasonably infer that G.R. had feared immediate bodily harm. For example, the jury could reasonably find immediacy of the fear based on Mr. Roark's escalating sexual abuse after he had described the pain of vaginal intercourse.

In sum, the evidence was sufficient for a reasonable jury to find that Mr. Roark had assaulted G.R.

### 2.    There was sufficient evidence of Mr. Roark's intent.

Mr. Roark argues that

- the clearest evidence of his intent was his statement that he would have sex with G.R. that night and

- that intent involved harm at a future time (rather than immediate harm, as required for an assault).

15

But the jury could also have inferred that Mr. Roark had changed his mind as he escalated the abuse in the vehicle. *See* pp. 14–15, above. With that inference, the jury could reasonably find that Mr. Roark had intended to have vaginal sex with G.R. in the vehicle.

* * *

The district court didn't err in reimposing the conviction for assault, and Mr. Roark didn't satisfy the plain-error standard for his challenge to the conviction of sexual abuse. So we affirm the convictions.