FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LANCE DOUGLAS ROARK,

    Defendant - Appellant.

No. 25-5169
(D.C. Nos. 4:25-CV-00423-GKF-MTS &
4:23-CR-00262-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.
_____

Lance Roark, proceeding *pro se*,[1] applies for a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. For the reasons below, we **DENY** a COA and **DISMISS** this matter.

## I.    Background

In January 2024, a federal jury convicted Roark of abusive sexual contact in Indian Country with a minor under twelve years old (Count One), and assault in Indian Country with intent to commit aggravated sexual abuse of a minor under twelve years old

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Roark's application liberally, but we will not act as his advocate. *See Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023).

(Count Two). *See* 18 U.S.C. §§ 2244(a)(5), 113(a)(1). Roark's victim was his then-eleven-year-old daughter.

After the jury's verdict, the district court reconsidered and granted Roark's pretrial Fed. R. Crim. P. 29 motion for a judgment of acquittal on Count Two. But after the government moved for reconsideration, the district court reversed course and vacated the judgment of acquittal. The district court subsequently sentenced Roark to 235 months in prison.

Roark appealed his convictions. He argued (1) the district court erred by not instructing the jury on unanimity; (2) the district court erred by granting the government's motion for reconsideration of the judgment of acquittal; and (3) the government did not present sufficient evidence for the jury to convict him of Count Two. We affirmed his convictions on all grounds. *See generally United States v. Roark*, 140 F.4th 1280 (10th Cir. 2025).

In August 2025, Roark moved the district court to vacate his sentence under 28 U.S.C. § 2255. He alleged (1) the district court did not have jurisdiction over his case because the government lacked Article III standing to prosecute him; (2) ineffective assistance of his standby counsel; and (3) various grounds that constituted a mistrial. The district court denied his § 2255 motion on all grounds and denied a COA. Roark then applied for a COA from this court and separately moved for an emergency hearing.

We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the applicant must show "that reasonable jurists could debate whether . . . the petition should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). Our "inquiry does not require full consideration of the factual or legal bases adduced in support of the claims," but rather "an overview of the claims" and "a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

In his application to this court for a COA, Roark abandoned the second and third grounds for his § 2255 motion and asserts only his first ground.[2] *See* Aplt. Br. at 4

---

[2] Roark, however, appears to raise a new argument in his application for a COA. He argues that 28 U.S.C. § 2253(c)(1)(B)'s requirement that he obtain a COA before he can appeal the district court's § 2255 order violates his First Amendment "right to petition my government." Aplt. Br. at 5. The COA requirement, he claims, imposes a "condition[] which require[s] the relinquishment of constitutional rights." *Id.* (quoting *Frost v. R.R. Comm'n of State of Cal.*, 271 U.S. 583, 593–94 (1926)). Roark offers no additional authority or analysis for this argument.

"[T]he Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011). This right, however, only affords a "right of *access* to courts for redress of wrongs." *Id.* (emphasis added). As shown by his application, Roark has had (and continues to have) ample access to petition the federal courts. But that does not mean the courts must *consider* unfounded petitions. *See McDonald v. Smith*, 472 U.S. 479, 482 (1985) ("The right to petition is . . . an assurance of a particular freedom of expression."); *cf.* Stephen Higginson, *A Short History of the Right To Petition Government for the Redress of Grievances*, 96 Yale L.J. 142, 166 (1986) (arguing that although the Court has "confine[d] the First Amendment petition guarantee to presentation, or free expression," its "original meaning" encompassed "a right which [] compelled *legislatures* to accord citizens' petitions fair hearing and consideration" (emphasis added)).

In any event, Roark did not present this argument to the district court, and he has not supported it here with any pertinent legal authority. Accordingly, he has forfeited the issue, and we need not address it further. *See Philips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992) ("[W]e decline to consider the matter, because it was not raised before

("[B]ecause the [second and third] issues are moot in light of the first issue, I ask this Court to [proceed] without regard for the issues not argued in this appeal."). We therefore only address Roark's argument that the district court lacked jurisdiction over his case because the government did not have Article III standing. *See Tran v. Trs. of State Colls. of Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived." (quotation marks omitted)).

Roark's failure to make this argument on direct appeal would normally bar him from raising it in a § 2255 motion. *See United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) ("Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."). But "because jurisdictional issues are never waived and can be raised on collateral attack," we address the merits of whether the government had Article III standing to prosecute Roark. *Id.*

## II.    Discussion

Article III, § 2, of the United States Constitution extends the "judicial Power . . . to all Cases, in Law and Equity, arising under . . . the Laws of the United States," and "to Controversies to which the United States shall be a Party . . . ." U.S. Const. art. III, § 2. "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). "To show that he has Article III standing, a plaintiff must demonstrate three elements: injury

---

the district court . . . , and [his] appellate position has not been even minimally supported by legal argument or authority." (internal citations omitted)).

in fact, traceability, and redressability." *S. Utah Wilderness All. v. Off. of Surface Mining Reclamation & Enf't*, 620 F.3d 1227, 1233 (10th Cir. 2010).

Roark argues the government did not have standing to prosecute him because it did not suffer an injury in fact from his conduct. He explains that "[d]uring testimony, the witness D.R. stated that there was only one injured party and the [government] was/is not that party." Aplt. Br. at 1.

Even with the benefit of our liberal review, Roark's argument is baseless. "It is beyond doubt that [a criminal] complaint asserts an injury to the United States—[]the injury to its sovereignty arising from violation of its laws . . . suffices to support a criminal lawsuit by the Government . . . ." *Vt. Agency for Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). *See also United States v. Horner*, 769 F. App'x 528, 532 n.5 (10th Cir. 2019) ("A violation of its laws injures the United States' sovereignty, which 'suffices to support a criminal lawsuit by the Government.'" (quoting *Vt. Agency for Nat. Res.*, 529 U.S. at 771)). "Article III cannot sensibly be read to prohibit the United States from vindicating its sovereign interests in its own courts." Edward Hartnett, *The Standing of the United States: How Criminal Prosecutions Show That Standing Doctrine Is Looking for Answers in All the Wrong Places*, 97 Mich. L. Rev. 2239, 2249 (1999); *see also* Thomas Lee, *The Standing of Qui Tam Relators Under the False Claims Act*, 57 U. Chi. L. Rev. 543, 569 (1990) ("The government certainly has standing in criminal cases . . . .").

Other courts have reached the same inevitable conclusion. *See, e.g., United States v. Yarbrough*, 452 F. App'x 186, 189 (3d Cir. 2011) ("Yarbrough contends that the

Government lacked standing because it failed to allege an injury in fact . . . .  The

Government doubtlessly suffers an 'injury in fact' when a defendant violates its criminal

laws." (internal citations omitted)); *United States v. Daniels*, 48 F. App'x 409, 418 (3d

Cir. 2002) ("As sovereign, the United States has standing to prosecute violations of valid

criminal statutes."); *Thomas v. United States*, No. 18-2772, 2020 WL 1243803, at *12

(S.D.N.Y. Mar. 16, 2020) ("Thomas seeks to import the elements of Constitutional

standing, which have been discussed at length in civil cases, into the context of a criminal

prosecution.  But these are not the elements that courts consider in assessing whether the

Government has standing, or whether a court has jurisdiction over a criminal case.").

The government charged Roark with violating its criminal statutes—18 U.S.C.

§ 2244(a)(5) and 18 U.S.C. § 113(a)(1).  In arguing that the government did not suffer an

injury in fact, Roark is mistaken to focus only on the harm he caused the victim.  "A

federal criminal prosecution is not designed to remedy the injury to any particular victim,

but rather to remedy an injury done to the community."  Hartnett, *The Standing of the*

*United States*, *supra*, at 2248.  The government under its sovereign authority thus had

standing to prosecute Roark and "vindicate the general public interest in compliance with

the law."  *Id.*  As a result, no reasonable jurist could find the district court's rejection of

Roark's standing argument "debatable or wrong."  *Slack*, 529 U.S. at 484.

## III.   Conclusion

Because Roark's arguments lack merit, we deny his application for a COA and dismiss this matter.  We therefore also deny his motion for an emergency hearing as moot.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge